HOUSTON ICE AND BREWING COMPANY V. MARSHALL FULLER ET AL.

Decided May 20, 1901.

1.—Receivership Expenses—Priority of Lien—Partnership—Mortgage Lien.

Where a receiver was appointed to wind up a partnership business at the instance of one of the partners, the expenses of the receivership were wrongly adjudged a first lien, superior to that of a mortgagee of the partnership property who had intervened in the receivership proceedings. Article 1472, Revised Statutes, has application where the receivership is at the instance or for the benefit of the lien holder.

2.—Same—Bankruptcy—Priority of Mortgage.

Where, pending such receivership, the partners had filed a petition in bankruptcy, and on a sale of the assets by the receiver the proceeds were less than the amount of the intervener's mortgage on the partnership property, it was error to order such proceeds to be paid over to the trustee in bankruptcy, since the general creditors could have no interest in the fund.

3.—Same—Distribution of Assets.

As intervener's mortgage did not cover all the partnership property, which was sold together by the receiver for a gross sum, intervener was entitled only to the remainder of the proceeds of sale after deducting the value of such property as was not covered by the mortgage, and the amount received for such latter property should be applied to the cost of the receivership proceedings.

Appeal from Harris. Tried below before Hon. John G. Tod.

*Baker, Botts, Baker & Lovett,* for appellant.

*Fisher, Sears & Sherwood,* for appellees.

GARRETT, CHIEF JUSTICE.—The appellee Marshall Fuller brought suit October 4, 1900, in the District Court for the Eleventh Judicial District against Elmer Crowder and Fred Lahourcade for the purpose of establishing his rights as a partner in the Commercial Saloon, and for the dissolution of the partnership and the winding up of its affairs. Upon his application the business was placed in the hands of the appellee Robert Maes, as receiver, to take charge of the assets and carry on the business. The receiver qualified and went into possession of the property on October 10, 1900. Pending the receivership, on December 8, 1900, the appellant, Houston Ice and Brewing Company, claiming a lien upon the property, intervened in the cause for the purpose of preventing the receiver from paying the costs of the receivership out of such property, and to prevent its being turned over to the Federal court to be administered in the bankruptcy proceedings concerning the plaintiff and defendants then pending in said court, and to have said property sold and the proceeds applied to the payment of its debt. The property was sold by order of the court on December 11, 1900, and was bought by the appellant for the sum of $900, which was paid into the registry of the court. When the appellant filed its intervention, there was pending in the cause an application of the receiver to close the receivership and deliver over the assets to the Federal court, the application reciting that the

defendants had filed their petition in the Federal court at Galveston in bankruptcy, petitioning to be adjudged voluntary bankrupts. He asked the court to fix his compensation as receiver and the compensation of his attorneys as a lien on the assets in his hands, and that he be directed to turn the assets so charged over to such trustee as the Federal court might appoint. I. L. Wolf & Bro. also intervened in the suit for a claim of $103.30, which was established without lien. The receiver's final report showed a balance due as expenses and costs of the receivership of $496.30, and entire assets on hand the sum of $900, being the proceeds of the sale of the property belonging to the partnership. As shown by the evidence, the appellant had a chattel mortgage lien on the property consisting of barroom furniture, fixtures, etc., to secure a note in his favor for $950, dated October 27, 1899, signed by Fred Lahourcade and his wife, the property having been sold to the latter by the appellant and the note given for the purchase money. The chattel mortgage was of the same date, and in addition to the furniture and fixtures included also "all the stock of liquors, cigars and merchandise." The partnership with Crowder and Marshall was subsequently entered into. Appellant had a lease on the house in which the business was conducted, and sublet it to the partnership at a rental of $90 a month. During the receivership and before its intervention it sold beer to the receiver to be retailed by him in the management of the business. Partial payments were made by Lahourcade on his note, and at the date of the trial, including the amount due for rent for which the appellant had a landlord's lien, there was a balance due it of $912.70. Of the balance $777.70 was upon the note. All the property was sold in gross and brought $900. There was evidence that among the property sold there was a slot machine worth $175, and about $200 worth of merchandise upon which there was no lien. Cook v. Halsell, 65 Texas, 1; Wilber v. Kray, 73 Texas, 536.

The cause was submitted to the court without a jury, and judgment was rendered establishing the appellant's claim at $912.70, and adjudging it to be a lien upon the proceeds of the property in the hands of the receiver, which were found to be $900. The court also fixed the expenses of the receiver, including compensation to himself and his attorneys, at $496.30, and they were adjudged to be a first lien and charge upon such proceeds superior to the lien of the appellant; and the receivership was vacated and the receiver ordered to deliver to any receiver or trustee appointed by the Federal Court the proceeds in the receiver's hands. The compensation of the receiver was fixed by the court at $175, and that of his counsel at $50.

We are of the opinion that the court erred in adjudging the expenses of the receivership to be a superior lien to the appellant's mortgage. The receivership was not ordered at the suit of the appellant, and it would be inequitable to exhaust his security with the expenses of a receivership taken out at the instance of other parties. High on Receivers, sec. 796, p. 730. The Revised Statutes, article 1472, has

application where the receivership is at the instance or for the benefit of the lienholder. This suit was for the benefit of the plaintiff, and he can not litigate the differences between himself and his partners at the expense of a lienholder who is not even a party. The court also erred in ordering the receiver to pay over the money in his hands to the trustee in bankruptcy. The lien of the appellant being more than sufficient to absorb the entire fund, it would be not only useless to pay the money over to the trustee in bankruptcy, but would subject it to diminution or absorption in costs of the bankruptcy proceedings. It is clear that the general creditors can have no interest in the fund. Again, the Federal courts have recognized the right of the State courts to fully administer the property of a partnership in such case as the present. Black on Bankr., 259. Both these questions have been ably presented and supported by the citation of authorities by counsel for appellant in their brief, and we deem it unnecessary to enter into a discussion thereof. The following authorities are cited upon the action of the court in ordering the proceeds to be paid to the trustee in bankruptcy: Black on Bankr., 128, 66, 259; In re Clark, Fed. Case No. 2798; Kimberling v. Hartley, 1 Fed. Rep., 571; In re Russell, 3 Am. Bankr. Rep., 658; 41 C. C. A., 323; 101 Fed. Rep., 249; Southern Loan, etc., Co. v. Benbow, 3 Am. Bankr. Rep., 9; 96 Fed Rep., 514; Frazier v. Railway Co., 3 Am. Bankr. Rep., 710 and note; In re Tyler, 5 Am. Bankr. Rep., 152; Compton v. Jesup, 15 C. C. A., 397; 68 Fed. Rep., 263; Heath v. Shaffer, 93 Fed. Rep., 647; In re Holloway, 98 Fed. Rep., 638; Jerome v. McCarter, 94 U. S., 764.

The judgment of the court below will be reversed, but as the sale of the property was in gross and it can not be certainly determined how much that part of it upon which the appellant had a lien brought, the value of the slot machine and the merchandise, aggregating $375, will be deducted from the entire proceeds, and the clerk of the court below will be directed to pay to the appellant the sum of $525; and said sum of $375 will be applied to the payment of the costs of court and the expense of the receivership under the direction of the court below. Any balance of costs of court and expenses of the receivership will be adjudged against the plaintiff and defendants.

*Reversed and rendered.*