Wm. Cameron & Company v. W. M. Jones and Berlin Machine Works.

Decided November 24, 1905.

**1.—Citation—Nonresident—Art. 1230, Rev. Stats., Construed.**

A nonresident defendant, found within this State, may be served with process in the same manner as though he were a resident of the county in which he is served. In such case the provisions of art. 1230, Rev. Stats., do not apply.

**2.—Same—Art. 1223, Rev. Stats., Construed.**

In the absence of proof that a defendant foreign corporation was not engaged in business in this State, service of citation upon the secretary of such corporation while casually in this State will confer jurisdiction upon the District Court to foreclose a mortgage lien upon personal property, as against such foreign corporation.

**3.—Personal Property—Fixture—Foreclosure.**

Under an agreement between a seller and purchaser of certain machinery, the machinery was to remain personal property, and subject to a mortgage lien; the rights of the lienholder could not be affected by attaching the machinery to the realty. In a suit by the lienholder to foreclose his chattel mortgage on said machinery as against those interested in the realty, a failure by such defendants to set up such rights as they may have by reason of the machinery being attached to the realty, renders the judgment foreclosing said lien as a chattel mortgage *res adjudicata* as to those claiming the realty.

**4.—Suit for Property in Possession of Receiver.**

In a suit to foreclose a lien on property in the hands of a receiver, the proper remedy is to intervene in the receivership suit. But a judgment in an independent suit against the receiver is not void. The pendency of the receivership is merely defensive matter which must be pleaded.

**5.—Service of Citation—Acting Officer.**

Service of citation upon one who is acting as, and discharging the duties of secretary and treasurer of a corporation with the knowledge and acquiescence of the other officers and directors of such corporation, is binding on the corporation, even though such person had theretofore resigned his position as secretary and treasurer.

**6.—Injunction—Dissolution—Damages.**

Facts considered, and held to warrant a judgment for damages upon dissolution of an injunction.

Error from the District Court of Smith County. Tried below before Hon. R. W. Simpson.

*John M. Duncan* and *H. E. Lasseter,* for plaintiffs in error.—That the service of citation upon E. E. Paramore was void: Sayles' Civ. Stats., arts. 1230-1234; 6 Thompson on Corp., secs. 8043, 8021, 7503; Barrow v. Kane, 170 U. S., 100; 6 Thompson on Corp., secs. 29 and 75; 13 Am. & Eng. Ency. of Law, p. 893; Clews v. Woodstock, 44 Fed. Rep., 31; Bentlif, etc., v. Colonial, etc., 44 Fed. Rep., 667; Reifsnider v. American Imp. Co., 45 Fed. Rep., 433.

That the judgment in the suit of the Berlin Machine Works, number 4586, was void, insofar as it provided for the seizure and sale of the machinery in question: Sayles' Civ. Stats., arts. 3327, 3328; Brown v. Roland, 92 Texas, 54; Simpson v. Masterson, 31 S. W. Rep., 419; Brown v. Roland, 33 S. W. Rep., 273; Ice, etc., Co. v. Lone Star, etc., Co., 41 S. W. Rep., 835; Jones v. Bull, 90 Texas, 187; Bull v. Jones, 29 S. W. Rep., 804; Jones v. Bull, 19 S. W. Rep., 1031; Smelser v. Baker, 29 S. W. Rep., 377.

Because the property in controversy was in the hands of a receiver at the time the suit was brought, no valid judgment of foreclosure could be rendered. Texas Trunk R. R. Co. v. Lewis, 81 Texas, 1; Ellis v. Vernon Ice, Light and Water Co., 86 Texas, 109; Garden City, etc., v. Gillfuss, 86 Wis., 625.

*F. J. McCord, S. A. Lindsey* and *F. S. Eberhart,* for defendant in error.—That the service of citation upon Paramore was valid: Rev. Stats., arts. 1222, 1223; Societe v. Milliken, 135 U. S., 304 (Co-op. Ed., book 34, p. 208); Thompson on Corp., 8019; Black on Interpretation of Laws, p. 307; Endlich on Interpretation, sec. 107; 19 Ency. Plead. and Prac., 657; Grassmyer v. Beeson, 13 Texas, 524; Id., 18 Texas, 764; Mills v. Alexander, 21 Texas, 162; Thonvenin v. Rodrigues, 24 Texas, 478; Windsor v. McVeigh, 93 U. S., 274 (Co-op. Ed., book 73, p. 914); Hassall v. Wilcox, 130 U. S., 493 (Co-op. Ed., book 32, p. 1001); 6 Thompson on Corp., sec. 7529.

The machinery in question remained personal property: San Antonio Brewing Assn. v. Arctic Ice Co., 81 Texas, 99, 16 S. W. Rep., 797; Willis v. Munger Machine Co., 13 Texas Civ. App., 677, 36 S. W. Rep., 1010; Mundine v. Pauls, 66 S. W. Rep., 254; Harkey v. Cain, 69 Texas, 150; Ice Co. v. Lone Star Engine Works, 15 Texas Civ. App., 694, 41 S. W. Rep., 836.

That the Berlin Machine Works was not bound to intervene in the receivership suit: Rev. Stats., art. 1483; Houston & T. C. Ry. Co. v.

State, 39 S. W. Rep., 390; City Water Co. v. State, 88 Texas, 600; Palestine Water Co. v. Palestine, 91 Texas, 546; Fordyce v. Withers, 1 Texas Civ. App., 540.

REESE, ASSOCIATE JUSTICE.—Wm. Cameron & Co., plaintiffs in error, sued W. M. Jones, sheriff, and the Berlin Machine Works, defendants in error, to enjoin the sale by Jones of certain personal property, to wit, a planer and matcher, under an order of sale issued out of the District Court of Smith County, upon a judgment recovered by the Berlin Machine Works against the Tyler Car and Lumber Company, for debt and foreclosure of chattel mortgage lien, and against certain other defendants for foreclosure.

The following statement is taken from appellants' brief, with certain slight additions and corrections suggested by the record:

1.  On April 10, 1891, John Durst sold to the Tyler Car and Lumber Company certain lands in Angelina County, and, to secure a part of the purchase money, reserved a vendor's lien to secure thirty-nine thousand dollars ($39,000) in notes, executed to him by the Tyler Car and Lumber Company, a private corporation. On the same day the Tyler Car and Lumber Company executed a deed of trust to J. D. Moody, trustee, to secure the same notes.

2.  These deeds were recorded in the proper records in Angelina County on May 15, 1891, and covered the Viventi Michelli and James R. Crafton surveys, "together with all improvements and appurtenances thereto belonging."

3.  Said notes, with the lien by which they were secured, were, in May, 1891, and before maturity, sold and delivered, for a valuable consideration, by Durst to the Paramore Investment Company, a private corporation organized under the laws of the State of Missouri, domiciled at St. Louis, Missouri.

4.  Subsequent to the execution and delivery of said deeds the Tyler Car and Lumber Company erected upon said land a large lumber manufacturing plant, including sawmills, planers, edgers, a railroad, and the usual equipments of a sawmill plant of large capacity.

5.  Afterwards, on April 3, 1896, the Tyler Car and Lumber Company purchased from said Berlin Machine Works, by an order therefor given its agent, an "invincible planer and matcher," with appurtenances. In the order it was agreed that title to the planer and matcher should remain in the Berlin Machine Works until paid for, and the Tyler Car and Lumber Company gave the Berlin Machine Works its notes for one thousand dollars ($1,000), the purchase price, payable in four, eight and twelve months after date. These notes were never paid.

6.  The planer, within a few days—about June 15, 1896—after its purchase, was received at the mill plant of the Tyler Car and Lumber Company, and placed by it in its plant.

7.  The machine weighed about seven thousand pounds, was constructed of iron and steel, and was placed in the planing mill building, fastened to the floor, and affixed to the realty by bolts and lag screws, and connected by belts and pulleys and shafting to the main driving engine. There were a number of other different machines used in the manufacture of lumber on the same floor, fastened to the building, and

connected in the same way. The machine in question remained in the same position, and with the same fastenings and connections, and was there operated up to the time this suit was brought, on April 24, 1899.

8. On September 1, 1896, said Tyler Car and Lumber Company executed and delivered to E. E. Paramore a deed of trust to secure fifty thousand dollars ($50,000) in its promissory notes, payable to bearer, and of even date with the deed. This deed of trust was filed for record in Angelina County, Texas, on September 25, 1896, and duly recorded in the proper records, and covered said Michelli and Crafton surveys, as well as other lands, pine timber, trams, railroads, wagon ways, sawmill plant, and all improvements and appurtenances, and all erections and fixtures of every sort, and all property of every character then owned or to be thereafter acquired by the Tyler Car and Lumber Company in Angelina County, and all machinery and equipments of every nature or description incident or appertaining to the business and property of the Tyler Car and Lumber Company at its mill plant at Michelli, with the exception of lumber on hand and a stock of dry-goods, etc.

9. Thereafter the First National Bank of Tyler, Texas, became the owner, by purchase for a valuable consideration, before maturity, of twenty thousand dollars ($20,000) of said fifty thousand dollars ($50,-000) issue of notes, without notice of other liens than those to secure the Durst notes, and the Texas Life Insurance Company became the owner and holder, by purchase for a valuable consideration, before maturity, of thirty thousand dollars ($30,000) of said issue, without notice of other liens than those to secure the Durst notes.

10. On October 5, 1896, the Paramore Investment Company, as the owner and holder of the said Durst notes, filed suit in the District Court of Smith County, Texas, against the Tyler Car and Lumber Company, to recover balance of principal and interest on said Durst notes, amounting to something over forty thousand dollars ($40,000), and to foreclose the lien, and, upon proper allegations, secured the appointment of a receiver, who immediately took charge of the entire mill plant and property of the Tyler Car and Lumber Company in Angelina County, and elsewhere, and proceeded to administer it under the orders of the court. Immediately thereafter the receiver of said First National Bank and the receiver of the Texas Life Insurance Company intervened in the suit to secure judgment and establish their lien against the Tyler Car and Lumber Company on said notes held by them respectively, nothing having been paid thereon.

11. On June 7, 1897, more than a year after its execution, the Berlin Machine Works filed in the county clerk's office of Angelina County, and caused to be registered in the register of chattel mortgages, the aforesaid order of April 3, 1896, for the planer and matcher.

12. On October 7, 1897, there was entered in said receivership's suit, number 4353, a decree in favor of the Paramore Investment Company for the sum of forty-four thousand dollars ($44,000); in favor of the receiver of the Texas Life Insurance Company for the sum of thirty-six thousand dollars ($36,000), and in favor of the said receiver of First National Bank for the sum of twenty-three thousand dollars

($23,000) against the Tyler Car and Lumber Company, with foreclosure of their respective liens, and adjusting the priorities as between them, and providing for the terms of sale by a special master, and the conveyance of title and delivery of the property to the purchaser.

13.  On October 27, 1897, said Berlin Machine Works filed a suit in the District Court of Smith County, Texas, against the Tyler Car and Lumber Company and its receiver, R. N. Stafford, the Paramore Investment Company, the First National Bank of Tyler, Texas, the Texas Life Insurance Company, and its receiver, to recover on the notes given by the Tyler Car and Lumber Company to said Berlin Machine Works in the purchase of said planer, amounting to one thousand dollars ($1,000) principal, setting up said order and its registry as a lien, and praying for foreclosure of same on the said planer and matcher, the petition alleging that F. W. Paramore was president, and E. E. Paramore secretary, of the Paramore Investment Company.

14.  On November 9, 1897, an order of sale was issued out of said District Court in said cause number 4353, in pursuance of said decree, authorizing and empowering a special master to make sale of all of the property of the Tyler Car and Lumber Company to satisfy the aforesaid judgments of the Paramore Investment Company, and the receivers of the bank and of the life insurance company.

15.  On December 7, 1897, all of the property of the Tyler Car and Lumber Company, covered by said decree, in cause number 4353, was sold by the master to N. C. Chapman for the sum of $54,750, which sale was reported to and confirmed by the court. The date of such confirmation is not shown, nor when the consideration was paid, but deed was executed by the master March 3, 1898.

16.  On January 6, 1898, citation in the said case of Berlin Machine Works v. The Tyler Car and Lumber Company et al., same being cause number 4586, was served on E. E. Paramore, as secretary of the Paramore Investment Company, at Tyler, in Smith County, Texas, by the sheriff of said county, said citation being in the ordinary form of a citation to a resident of the county where the suit is brought, and unaccompanied by a copy of plaintiff's petition. It commanded the sheriff to summon the Paramore Investment Company by delivery to F. W. Paramore, president, and E. E. Paramore, secretary, respectively, etc., and the sheriff's return showed execution by delivering a copy to E. E. Paramore, secretary of the company.

17.  On February 21, 1898, the Berlin Machine Works, in said cause number 4586, took a judgment by default against the Tyler Car and Lumber Company for the sum of $1,109 and cost of suit, with a foreclosure of its claimed lien upon said planer and matcher, and against all of the other defendants, including the Paramore Investment Company, for foreclosure of the lien. The Paramore Investment Company filed no answer and made no appearance in the cause. Upon that judgment the order of sale to the sheriff of Angelina County to seize and sell the machine in question to satisfy the lien of the Berlin Machine Works was issued, the execution of which was enjoined by this suit.

18.  On March 3, 1898, the master in chancery, and the receiver in

said cause number 4353, executed and delivered to N. C. Chapman their proper deed to all the property of the Tyler Car and Lumber Company involved in said receivership, which deed was filed for record in Angelina County on March 16, 1898, and recorded in the proper records on the 23d day of March, 1898.

19. On March 7, 1898, all the property bought by Chapman was sold and deeded by him to E. E. Paramore for a valuable consideration, which deed was filed for record in Angelina County on March 16, 1898, and was recorded on March 23, 1898, in the proper records.

20. On March 14, 1898, E. E. Paramore sold and deeded all said property to Wm. Cameron & Company, the deed being taken in the name of Wm. Cameron, said deeds being filed for record and recorded in Angelina County, Texas, on the same dates as the last above.

21. All the property thus bought by Wm. Cameron & Company was owned, possessed and operated by said company from the time same was bought by that company until the filing of this suit, and afterwards.

22. The machine in question in this suit was included and described in the original inventory returned by the receiver of the Tyler Car and Lumber Company, and in subsequent inventories accompanying the sales by the master and receiver to N. C. Chapman, by N. C. Chapman to E. E. Paramore, and by E. E. Paramore to Wm. Cameron & Company.

23. The plaintiff's pleadings in said cause number 4586 sought to subject the machine in question to foreclosure as a chattel, and the judgment in the case was so entered, and the order of sale issued thereon authorized its seizure and sale as a chattel.

24. Said order for the machine was never filed for record upon the mortgage or trust deed records for real estate in Angelina County or in any other county.

25. Said machine was in the hands of the receiver of the Tyler Car and Lumber Company, together with the other property of that company, from the institution of cause number 4353 until all the property was sold to N. C. Chapman.

26. There was no intervention by the Berlin Machine Works in said receivership's suit.

27. The Paramore Investment Company is, and was, at the time of the institution of said cause number 4586, a corporation organized under the laws of the State of Missouri, with its principal office and place of business in the city of St. Louis, and it never had any agency or place of business in the State of Texas.

28. E. E. Paramore had been secretary and treasurer of the Paramore Investment Company, but he resigned his office on April 30, 1897, which was accepted; since which time, as testified by F. W. Paramore, president of the company, N. H. Paramore has been secretary and treasurer. It was shown, however, that E. E. Paramore had, on December 19, 1897, executed and acknowledged a deed as secretary and treasurer of the Paramore Investment Company to real estate in St. Louis, Missouri, the domicile and place of business of the corporation, and that he had, on January 14, 1898, in a suit pending against the Paramore Investment Company, made an affidavit as such secretary

and treasurer, in which he stated under oath that he was secretary and treasurer of the company.

The Paramore Investment Company was composed of F. W. Paramore, N. H. Paramore and E. E. Paramore, who owned all the stock, composed the board of directors, and, among them, filled all of the offices.

The case was tried with a jury, and verdict rendered for defendants in error, who were also defendants in the trial court, and plaintiffs bring the case to this court on writ of error.

The property in question, to wit, the planer and matcher, upon which the Berlin Machine Works claimed a lien, was, at the date of the institution of its suit, in the possession of the receiver of the Tyler Car and Lumber Company, to whom the property had been sold on credit, with a reservation of the title until the purchase 'money was paid, which constituted a chattel mortgage on the property to secure the unpaid purchase money. The Paramore Investment Company, the First National Bank of Tyler, and the Texas Life Insurance Company, through their respective receivers, interveners in the receivership suit against the Tyler Car and Lumber Company, also claimed a lien on the planer and matcher, as a fixture and part of the realty upon which they had an express lien, all of which were in course of adjustment in the receivership suit, and were afterwards adjusted and settled by a final judgment in that suit. It does not appear that anybody else had any interest in or claim upon the property in question in this suit. All of these parties were made defendants, with the Tyler Car and Lumber Company and its receiver, in the suit by the Berlin Machine Works for its debt and foreclosure, and there was in that suit judgment against the Tyler Car and Lumber Company for the debt, and for foreclosure of the lien upon the planer and matcher as personal property, in accordance with the prayer of their petition, against all of the defendants, constituting all of the parties having or claiming any interest in or lien upon the property at the time of the institution of the suit, which was in the same court in which the receivership proceedings were pending.

This judgment is attacked by plaintiffs in error on account of the alleged insufficiency of the citation and service upon the Paramore Investment Company to give the court jurisdiction to hear and determine the cause as against that company.

The first objection is that, upon the face of the citation and return, they are insufficient to give the court jurisdiction of the Paramore Investment Company, a foreign corporation, because the citation was not addressed to the Paramore Investment Company but to the sheriff, and was not accompanied by a certified copy of the petition; and further, because such citation and service were not in compliance with article 1230, Revised Civil Statutes. The provisions of this article of the statute do not apply to service upon a nonresident of this State, found in this State, and upon whom service is had in this State. Such nonresident found within this State may be served with process here in the same manner and with the same formalities as though he were a resident of the county in which he is served. If he is served with citation in the county where the suit is pending, it is only necessary to serve

him with a true copy of the citation, without a certified copy of the petition. The notice to the defendant provided in article 1230 is only required when such notice is to be sent out of the State, to be there served upon the absent or nonresident defendant. These objections to the citation and service were embodied in requests for instructions to the jury by plaintiff in error, which were refused by the court. There was no error in such refusal.

It was further objected to the service that if E. E. Paramore was secretary of the Paramore Investment Company at the time of the service, he was casually in Texas, and not attending to any business of the company, and for this reason such service was insufficient.

Upon this point plaintiffs requested the court to charge the jury as follows:

"You are further instructed that although you should believe from the evidence that E. E. Paramore was secretary and treasurer of the Paramore Investment Company at the date of the delivery to him of the citation to said company in cause No. 4586 in the District Court of Smith County, Texas, Berlin Machine Works v. Tyler Car & Lumber Company et al., still, if you believe that he was only casually in the State of Texas at that time and not attending to any business of the company, such service of citation would be null and void, and the judgment in said cause No. 4586 would have no effect upon his rights or the right of those claiming under him in regard to the machine in question in this case, and you will find for the plaintiffs." The refusal to give this charge, and also to give any charge to the jury upon this point, are assigned as error.

This raises a question which, so far as we can find, has not been heretofore decided in this State, and upon which there is some conflict of authority elsewhere. In any view of the law, we do not think the charges should have been given in the form requested, which leaves out of view the fact as to whether the Paramore Investment Company was engaged in business in this State at the time of service.

Plaintiffs in error in their brief cite, in support of the legal proposition announced in the requested instruction, the cases of Clews v. Woodstock Iron Co., 44 Fed. Rep., 31; Bentliff v. Colonial Finance Corporation, id., 668, and Reifsnider v. Am. Imp. Co., 45 Fed. Rep., 433.

In the Woodstock Iron Co. case the point was not presented as to the validity of service upon an officer of a foreign corporation casually in the State where the suit is pending and not upon business of the corporation. The president of the company, an Alabama corporation, whose business was the development of lands owned by it in said State, in the mining and transportation of ores, and manufacture of pig iron, was in New York confessedly on business of the company including the negotiation of a loan and having bonds of the company listed on the stock exchange. The service was held bad, not because the president was not in New York on business of the company, but because the corporation was not engaged in business in that State. The defendant having removed the case into the Federal Court, moved to quash the service, when these facts were made affirmatively to appear. From

the very nature of defendant's business it appeared that it could only be regularly transacted in the State of its origin.

In the case of Bentliff v. Colonial Company, the service was upon a director of a nonresident corporation found in New York, not in any official capacity or on business of the corporation. The court says: "The Code of Civil Procedure of this State as construed by the highest court of the State, authorizes an action to be commenced against a foreign corporation, if the cause of action arose here, which neither does business nor has a place of business or property within the State, by the service of summons upon a director who may be found here, although when found, not here in any official capacity or in the business of the corporation. The question of the jurisdiction of the State Court in the present case depends upon the efficiency of such a service," that is, service upon a director of a corporation which "neither does business nor has a place of business or property here."

The court held that the service did not confer jurisdiction to render a personal judgment, but adds: "If the suit had been commenced by the attachment of property of the defendant found here a different case would be presented, but if the action in the State Court had proceeded to judgment, and property belonging to the defendant and found here had been seized and sold, on execution issued upon the judgment, the defendant could have resorted to this court to recover its value upon the theory that the judgment was a nullity."

In Reifsnider v. Am. Imp. Company, suit was instituted in the State Court of Missouri and process served upon the president of the corporation who was in the State casually on private business of his own. It was shown that the company was a foreign corporation and had never transacted any business in that State or maintained any office, officer or agent, or employe in the State. The court held that the service did not confer jurisdiction. The court says: "I do not understand the State Courts to hold that they acquire jurisdiction to render judgment against a foreign corporation by a service made under the circumstances disclosed by the defendant's plea. On the contrary, I understand that service upon an officer or agent of a foreign corporation is only upheld as effectual to bring the corporation into court in those cases where the corporation maintains an office or transacts business in the State." It will be seen that the invalidity of the service is rested, not upon the fact that the officer upon whom service was had was casually in the State, but upon the ground that the corporation "had never transacted any business in the State, or maintained any office, officer, agent or employe within the State."

These and other cases announcing generally the doctrine that service upon an officer of a foreign corporation casually in the State and not upon any business of the corporation, does not confer jurisdiction, either expressly or impliedly limit the application of the doctrine to actions *in personam,* and for the recovery of personal judgments.

In the case of St. Clair v. Cox (106 U. S., 350), the judgment under discussion had been commenced by attachment and the property attached had been sold for the satisfaction, in part, of the judgment. With reference to this judgment the court says: "The judgment of the District Court in Michigan was rendered in an action commenced by

attachment. If plaintiffs in that action were, at its commencement, residents of the State, of which some doubt is expressed by counsel, the jurisdiction of the court, under the writ, to dispose of the property attached, can not be doubted, so far as was necessary to satisfy their demand. No question was raised as to the validity of the judgment to that extent, the judgment established nothing as to its liability, beyond the amount which the proceeds of the property discharged." This is the same general doctrine announced in Pennoyer v. Neff (95 U. S.). For a statement of the rule as established by the weight of authority see 6 Thompson Corp., sec. 7529.

Even in cases of action *in personam,* however, it seems to be held that to render invalid service upon an officer of the foreign corporation casually in the State, it must appear that the corporation was not engaged in business in the State.

Article 1223 of the Revised Statutes is as follows: "In any suit against a foreign, private or public corporation, joint stock company or association, or acting corporation or association, citation or other process may be served on the president, vice-president, secretary or treasurer, or general manager, or upon any local agent within this State, of such corporation, joint stock company or association, or acting corporation or association." Unquestionably this authorizes service of citation upon any of the named officers of a foreign corporation if found in this State, and under this statute and in accordance therewith service was had on E. E. Paramore, secretary of the Paramore Investment Company.

Even if the case at bar had been an action *in personam,* the service would be good, and would have given the court jurisdiction to render a personal judgment against the corporation, unless it be true that the corporation was not engaged in business in this State, and E. E. Paramore was casually here, and not upon any business of the corporation, at the time of the service. Upon the face of it the service was good and sufficient to authorize even a personal judgment, and the burden was upon plaintiffs in error in attacking the judgment on the ground that facts dehors the record rendered it invalid, to establish such facts. It is true that plaintiffs in error introduced evidence tending to show that E. E. Paramore was casually in the State on his own private business at the time of the service, but there was no evidence that the Paramore Investment Company was not engaged in business here. The only evidence introduced upon this point was that the company was a corporation organized under the laws of the State of Missouri having its principal office in the city of St. Louis, and that it never had any agency or place of business in the State of Texas. The corporation appears, as its name would indicate, and as is indicated by such business as it is shown to have transacted in Texas, to be engaged in lending money, buying and selling securities and making investments generally. It was not necessary to the transaction of this business to a large extent in Texas, that it should have had an agency or place of business in the State. It is shown to have purchased the Durst notes, and it is to be inferred from the testimony that it made the loan to the Tyler Car & Lumber Company referred to in the record. It had brought and was then engaged in prosecuting a suit in the District Court of Smith County wherein it had recovered a judgment for a large amount of

money, then in process of collection through a receivership, and reference is made in the record to other litigation in Texas.

We are inclined to think that upon these undisputed facts and the failure of plaintiffs in error to show that the corporation was not engaged in business here, conceding that E. E. Paramore was in Texas at the time of the service upon him upon his own private business, under the authorities relied upon by plaintiffs in error, the service would have been sufficient to give the court jurisdiction of the Paramore Investment Company, even in an action *in personam.*

But the action was not one *in personam.* No personal judgment was sought by the Berlin Machine Works against the Paramore Investment Company. No relief was sought against it except a foreclosure of the plaintiff's lien upon the planer and matcher then in the State of Texas, and in fact in the possession of the receiver of the Tyler Car & Lumber Company at the suit of the Paramore Investment Company. Under none of the authorities which we have been able to examine, taking into consideration the language of the statute, could such service as plaintiff in error admits to have been made, be held insufficient to give the court jurisdicti n to render the judgment of foreclosure that was rendered against th Paramore Investment Company. The action, so far as its rights were involved, was *in rem,* and if the provisions of the statute were complied with in the matter of service of process, it would be sufficient to give the court jurisdiction. (2 Black on Judgments, secs. 793, 810; 6 Thompson Corp., sec. 7529.

The question presented being *res integra* in this State, we are unwilling to adopt the rule that even in an action *in personam* in order to authorize service of process upon an officer of a foreign corporation found in this State, with the effect of bringing such corporation within the jurisdiction of the court, it is necessary that such officer be in the State upon business of the corporation. The sole purpose of all process of this character is to give to the defendant notice of the pending suit. As such notice can not be given to a corporation, an artificial creation, otherwise, the statute provides that such notice be given to certain officers of the corporation as the best means of bringing to the managing body of the corporation knowledge of the proceeding instituted. For this reason notice to such officers given in the manner and form prescribed by law, is conclusively presumed to be notice to the corporation. The statute prescribes that to authorize service upon an agent merely he must be "a local agent within this State." Such officers as the president, vice-president, secretary, treasurer, and general manager, so far as concerns the service of process, can be reasonably charged with the duty of representing the corporation wherever they may be. The president or secretary of a foreign corporation doing business in this State, ordinarily, when he is in the State brings with him the power and authority of his office, in a large measure. He may to a large extent direct, from his stopping place here, the business of the corporation. Having that power and authority the corporation should not be allowed to say when service of process is made upon him of a suit against the corporation in this State, that he was not, at that time, exercising the power and authority of his office. The distinction does not seem to us to have any substantial foundation in reason.

The weight of authority seems to be in favor of the rule that such service is not sufficient to authorize a personal judgment against the corporation, but it is sufficient in actions *in rem,* judgments which operate only upon property within the jurisdiction of the court, the rule being the same in such cases as though the property were brought into the actual custody of the court by attachment or sequestration. In a well reasoned opinion of the Court of Appeals of New York it was held that such service was sufficient in actions *in personam.* (Pope, et al. v. Terre Haute Car. & Mfg. Co., 87 N. Y., 137.)

If we are correct in our conclusions upon this point, there was no error in the refusal of the court to give the special charge No. 2 requested by plaintiffs in error, and in failing to charge the jury upon this point, as indicated in the third and fourth assignments of error.

As between the Berlin Machine Works and the Tyler Car & Lumber Company the planer and matcher remained personal property, and subject to the lien of the Berlin Machine Works. The Tyler Car & Lumber Company could not, by attaching the property to the realty, affect the rights of the lien holders as against such company. In the suit of the Berlin Machine Works to foreclose its lien the property was treated as personalty, and it sought to foreclose its lien upon it as personalty. If the defendants in that suit, or either of them, had or claimed any rights growing out of their liens upon the realty, and the attaching the planer and matcher thereto so as to make them also a part of the realty, it was incumbent upon them to set up such rights as a defense to the suit to foreclose, and have them determined in that suit. Having failed to do so, the matter is *res judicata,* as to the parties to that suit, and persons claiming under them. Plaintiffs in error and their vendors, immediate and remote, claiming title to the property under all or some of the defendants in the suit of the Berlin Machine Works to foreclose their chattel mortgage lien took subject to the judgment in that suit. The fifth and sixth assignments of error are not well taken.

In their seventh and eighth assignments of error plaintiffs in error complain of the action of the court in refusing to give a special charge requested by plaintiffs in error, that the property being in the hands of a receiver at the time the suit of the Berlin Machine Works was brought, no valid judgment could be rendered foreclosing the lien in that suit, but that plaintiffs should have intervened in the receivership suit. Doubtless this would have been the proper remedy, and if the matter had been set up as a defense in the foreclosure suit, such defense should have prevailed (Texas Trunk R. R. Co. v. Lewis, 81 Texas, 1), but it would have been matter of defense only, and not having been pleaded in that suit can not avail here.

The court was requested by plaintiffs in error to instruct the jury (special charge No. 6) that if E. E. Paramore was not the secretary and treasurer at the time of the service upon him, to find for the plaintiff, even though the jury should find that at the time citation was so served he was acting as such treasurer and secretary.

There was no error in refusing this charge. While the evidence showed that E. E. Paramore had, previous to the service of citation, resigned his position as secretary and that since such resignation N. H. Paramore had been secretary and treasurer, there was testimony which

tended to show that E. E. Paramore continued to perform at least some of the duties of secretary for some time after such resignation and up to a date subsequent to the service of the citation in said suit. No evidence is offered to show that these official acts were not known to the other officers, directors or stockholders of the company. They were public acts, openly done, and it is not at all likely that they were not done with the knowledge and acquiescence of the other officers and directors. It must not be overlooked that this corporation was composed of these three Paramores, who were the sole stockholders, and who constituted the directorate and, among them, filled all of the official positions. At the request of the defendants the court charged the jury that "if E. E. Paramore continued to act as secretary and treasurer of the Paramore Investment Company after he is alleged to have resigned, with the knowledge and consent of the other two Paramores who are shown to have been the directors and stockholders of said corporation, he will be considered as the secretary of the corporation."

The giving of this charge is also assigned as error on the ground, as stated in the proposition following the assignment, that there was no evidence that E. E. Paramore continued to act as secretary and treasurer with the knowledge and consent of the other two Paramores.

While there is no direct evidence of knowledge on the part of the other two Paramores of the acts of E. E. Paramore as secretary, we think that in view of the fact that only the three of them were interested in the corporation, and in view of the character of such acts, one of them the making of an affidavit as such secretary in a suit pending in Smith County against the Paramore Investment Company in which E. E. Paramore swore that he was secretary of the company, and the other a deed executed by the Paramore Investment Company to certain real estate in St. Louis, Missouri, the domicile of the company, which deed was signed by said E. E. Paramore as secretary and treasurer and acknowledged by him as such, all done long after it is claimed he had resigned and another person had been elected secretary, the jury might reasonably have found that the other two members of the corporation had knowledge of them. (2 Cook Corp., sec. 713; 3 Thomp. Corp., sec. 3893; Hamm, Receiver, v. Drew, 83 Texas, 80.)

There was no error in refusing to give special charge No. 7 requested by plaintiffs in error in which the jury were told that they could not find that Chapman, or those claiming under him, had notice of the claim of the Berlin Machine Works for the reason that the sale to Chapman was made on December 7, 1897, and the citation was not served upon E. E. Paramore, secretary of the Paramore Investment Company, until January 6, 1898.

If Chapman had bought of the Paramore Investment Company and had no other notice of the claim of the Berlin Machine Works than the constructive notice given by the pendency of the suit, it may be that such notice would not have bound him as a purchaser *pendente lite*, on the ground that *lis pendens* does not begin until the service of the citation. But Chapman bought of the receiver of the Tyler Car & Lumber Company. The suit of the Berlin Machine Works was brought on October 27, 1897. The property in the hands of the receiver was

sold by the master on December 7, 1897. The sale had to be reported and confirmed by the court. Until then the purchaser took no title. the record does not show when the sale was confirmed, but the deed of the master and receiver was executed March 3, 1898.

The chattel mortgage of the Berlin Machine Works was registered June 7, 1897. The purchase was not in fact consummated until the payment of the money and execution of the deed. Chapman and his vendees took the property subject to the judgment in the suit of the Berlin Machine Works for foreclosure of their lien. The tenth and eleventh assignments of error must be overruled.

The instrument creating the lien on the planer and matcher in favor of the Berlin Machine Works took effect from the date of its execution. As between them and the Tyler Car & Lumber Company registration was not necessary to create the lien, and as between them, the property would have remained personal property, although affixed to the soil, if such was necessary to give effect to the lien. If the other parties to the suit of the Berlin Machine Works having any claim to or interest in the property had no notice of this lien and were not bound by it for any reason, they are concluded as to such claim by the judgment establishing and foreclosing the lien.

There was no error in refusing the motion for a new trial on the grounds set up in the fourteenth assignment of error. As we have seen, it was not material that E. E. Paramore was in the State on private business and not on the business of the company, when served with citation as secretary of the Paramore Investment Company in a suit *in rem.*

We think that there was sufficient evidence to support the finding that he was at the time *de facto* secretary of the company, and that the preponderance of the evidence to the contrary was not so great as to authorize us to disturb the finding.

In the fifteenth assignment plaintiffs in error complain of the judgment for $100 damages upon the dissolution of the injunction when there was no evidence of the value of the property, sale of which had been enjoined. It would be sufficient answer to this assignment that the attention of the trial court was not called to the error, if any, in the motion for a new trial. We think, however, that the court acted within its lawful discretion in giving the damages upon the dissolution. (Perrin v. Stevens, 29 S. W. Rep., 927.)

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.