MERGENTHALER LINOTYPE CO. v. McCLURE et al. (No. 439.)

Court of Civil Appeals of Texas. Eastland.
April 27, 1928.

Rehearing Denied Sept. 14, 1928.

News. Plaintiffs were admittedly junior lien holders. They alleged the value of the property at $4,000, and prayed for the appointment of a receiver, in response to which latter prayer Gilbert C. Smith was appointed.

On December 13, 1926, appellant, Mergenthaler Linotype Company, filed an independent suit in the same court against the members of the firm constituting the Garner Printing Company, claiming an indebtedness of $1,292, owing on a certain linotype machine, with interest and attorney's fees, and seeking foreclosure of a mortgage lien on same, and also claiming $117.35 upon open account. S. W. McClure and G. C. Smith, receiver of Garner Printing Company, were joined as defendants. A part of the indebtedness for which this suit was brought was the $900 admitted in the original receivership suit to constitute a prior lien.

On January 7, 1927, upon motion of the receiver, the two suits were consolidated by order of the court, to which appellant excepted. On the same day, upon application of the receiver, the court ordered a sale to be made of all the property and assets involved in the receivership, including the linotype machine, with directions in the order that the entire proceeds of sale be paid into the registry of the court, to await further orders and the establishment of claims and liens against the property and funds derived from the sale of same. Appellant also excepted to this order. After advertisement as directed in the order, the receiver on January 29, 1927, sold the property to E. G. Negy for $425, and made report of sale to the court, which, together with a motion by appellant to set aside the receiver's sale was on February 12, 1927, heard by the court, and by separate orders the motion to set aside the sale was overruled and the receiver's report of sale was approved.

To the order overruling the motion to set aside the sale appellant excepted, and it seems undertook to give notice of appeal to this court. To the order approving the report of sale no exception appears to have been taken, unless same is to be found in the exception to the order overruling the motion to set the sale aside. Appellant's motion to set aside the receiver's sale makes complaint of the inadequacy of the price for which the sale was made, of the insufficiency of the advertisement of sale, and that the same has the effect of taking the property of claimants without just compensation, and that the rights of mortgage holders are thereby practically set at naught. The prayer is that the sale be set aside, the receiver be discharged, that appellant's original case be severed from the consolidated suit, that the costs of receivership be taxed against Garner Printing Company, and that appellant be permitted to foreclose its lien on the property on which it claims a lien.

J. F. Lindsey, of Anson, and George Sergeant, of Dallas, for appellant.

A. J. Smith, Brooks & Robinson, and Thomas, Pope & Shapard, all of Anson, and T. R. Odell, of Throckmorton, for appellees.

FUNDERBURK, J. About May 17, 1926, Garner Printing Company instituted suit against S. W. McClure, seeking to establish an indebtedness and asking for foreclosure of a lien upon certain property used in connection with the publication of the Anson

On April 2, 1927, R. M. Smith filed suit in the same court against members of the firm constituting the Garner Printing Company and E. G. Negy, seeking judgment upon an indebtedness against the Garners and for foreclosure of a lien upon the property involved in the original receivership suit. A part, at least, of this claim, was also one acknowledged in the original receivership suit as constituting a prior lien.

On October 3, 1927, this suit also was consolidated with the previously consolidated suits. On the last-mentioned date the suit, comprising by consolidation the three suits, was tried, apparently without any repleading of the different causes of action, and a judgment was rendered, from which this appeal is perfected. By this judgment, among other things, appellant recovered against W. L. Garner and Brann E. Garner, constituting the Garner Printing Company, and S. W. McClure, on the notes, interest, and attorney's fees, and on open account, a sum aggregating $1,803.30. Appellant was denied recovery against any other party. Foreclosure of appellant's mortgage lien against the linotype was denied. It was further decreed that the balance of funds on hand constituting proceeds of the receiver's sale should be applied to the expenses of receivership, one-half to be paid to Buford Kennedy on his account for rents, and the other one-half to Gilbert C. Smith on receiver's account, expenses, and labor bill. In addition to denying appellant foreclosure of its mortgage, the judgment provided that appellant take nothing by reason of its plea against the funds derived from the sale of the property.

Upon this state of the record, supplemented, as may be found necessary, in certain particulars, appellant submits for our decision a number of questions, the more important of which are as follows: First, whether or not the court, over the objection of appellant, erred in consolidating appellant's suit with the original receivership suit brought by the Garner Printing Company; second, whether or not the court erred in overruling appellant's motion to set aside the sale made by the receiver and to permit a severance and foreclosure of its lien by appellant; and third, whether or not the court erred in its distribution of the funds constituting the proceeds of the receiver's sale, so as to charge appellant with costs of receivership, and thereby to deny, by reason of the inadequacy of the funds, any recovery upon appellant's lien.

As against the propositions of appellant, appellees assert, as their main contention, that the order of the court overruling appellant's motion to set aside the sale, on February 12, 1927, and in which order a notice of appeal is recited, constituted a judgment overruling a motion to vacate a receivership, from which it was necessary that appellant get relief, if at all, by an appeal within 20 days, and that an appeal prosecuted from the judgment of October 3d thereafter is ineffectual.

■ Taking these questions up in order, we should first give consideration to appellees' claim that the right of appellant to have errors, if any, reviewed by us, has been lost by the failure of appellant to prosecute its appeal within 20 days from the date of the order overruling its motion to set aside the receiver's sale. This point requires consideration of (1) whether appellant's motion was one to vacate a receivership, within the purview of R. S. art. 2250, subd. 2; and (2) if not, was the judgment nevertheless final, in that it disposed of all the parties and issues involved in the two cases? The authority mainly relied on in support of the view that the order of February 12th was one overruling a motion to vacate a receivership is Blankenship v. Little Motor Kar Company (Tex. Civ. App.) 224 S. W. 210. In that case the nature of the motion was described as one to "discharge the receiver and terminate a receivership." In a sense this description may apply to the motion under consideration, but in that case the court's construction of the motion was that it was one "the sole purpose of which seems to have been to make an end of the receivership and have the possession and control of the property put into the interveners."

We do not think the motion under consideration is susceptible of any such construction. True, appellant's motion, while disclosing no reason therefor, prayed for a discharge of the receiver. But it rather clearly evinces a want of interest or concern in the receivership, and only seeks to have a foreclosure of its lien and sale of the property to satisfy same independently of the receivership. A motion to discharge a receiver is not necessarily a motion to vacate a receivership. This being true, the motion in question calls for construction. Appellant's intent, then, must be ascertained from the entire proceeding, and this, to our mind, constitutes the motion something akin to a disclaimer of any interest in the receivership as such, and shows very clearly the object of appellant was to be allowed to withdraw from the receivership, foreclose its lien, and have sale of its property, free of any expense of the receivership. We are therefore of the opinion that no right of appeal was available to appellant, on the theory that the order was one overruling a motion to vacate a receivership.

■ We are also of the opinion that the order cannot otherwise be considered a final judgment. The order disposed of none of the parties nor of the issues involved in either of the two suits, unless perhaps it might be said that it disposed of the receiver. A judgment which does not dispose of all the parties and issues is not final. Kinney v. Tri-

State Telephone Co. (Tex. Com. App.) 222 S. W. 227; Southern Trading Co. v. Feldman (Tex. Com. App.) 259 S. W. 566.

At the time this order was made, neither the amount of the indebtedness nor existence and right to foreclosure of a lien in the first suit brought had been determined, nor had the amount of indebtedness or its right to a foreclosure of the lien been determined in appellant's suit. These were the main issues tendered in each of the suits. No question of the priority of liens as between any of the claimants had been determined. This was the only ground upon which the several causes of action could be joined at all. Certainly no valid contention can be made that this order was in any sense a final judgment. We therefore think appellant had no right to appeal until after the final judgment rendered on October 3d, and from which it did, in fact, appeal.

■ As to the second point, we are unable to say that the trial court abused its discretion in consolidating the first two suits. The petition in the original receivership suit alleged the value of the property to be $4,000, and alleged the amount of the claim of appellant as a prior lien to be $900, and of R. M. Smith as a prior lien to be $600. According to such allegations, the trial court would be unable to say that there was not such an equity in the property as that it could be administered through its receiver, without any impairment of the rights of appellant or the said R. M. Smith. The matters of which appellant may have just grounds for complaint are not such, it seems to us, as results from the consolidation. So far as we can see, the court acted within the discretion given by virtue of R. S. 1925, art. 2160, permitting consolidations of suits.

The question arising from appellant's motion to set aside the receiver's sale and for a severance of the suit and foreclosure of its lien, with the court's order thereon, presents a matter which we conclude is determinative of this appeal. At the time the motion to consolidate was made, the trial court may not have known whether there was an equity in the property above the liens acknowledged to have priority; but when the receiver had made a sale of the property, and before confirmation of such sale, the court did have the most indisputable evidence that there was no equity in the property available for the purposes of the receivership. Appellant in the receivership suit had admitted in the beginning that appellant had a prior lien of $900 on the linotype machine alone, and that R. M. Smith had a prior lien of $600. The sale price of the entire property was $425. The court was also apprised of the fact that appellant was willing to pay $1,000 for the linotype alone, to be credited upon its indebtedness. Under these circumstances, it was the duty of the court to sustain the motion to set aside the sale, and to either sever the suit of appellant or permit a foreclosure and sale in the consolidated suit, the entire proceeds of the sale of the linotype machine to go to appellant, without its being chargeable with any costs of receivership, or other costs than its own cost of foreclosure and sale.

■ It seems to have been the conclusion of the trial court, and which appellee seeks to sustain here, that the property, including that upon which appellant had its lien, was chargeable with the expenses of the receivership. We do not think so. Appellant was not originally a party to the receivership suit. It never voluntarily became a party to said suit. Appellant never availed itself of any of the services of the receiver, but seems to have consistently interposed exception to all acts of the court that in any manner undertook to administer the property through the receiver. There is still some uncertainty, if not conflict of decision, as to the limitations upon and exceptions to the rule which governs the liability of a senior lienholder for receivership expenses, where the receivership proceeding is instituted by a junior lienholder. It will, perhaps, serve no useful purpose in this connection to undertake to formulate a complete statement of the rule. We think it safe to say that there is no authority to show that a senior lienholder, whose lien is upon property not devoted to a public use, can be made to yield priority of his lien to the expenses of a receivership suit not instituted by him or by his consent, and not incurred in the necessary preservation of the property, as distinguished from a use of the property in the operation of a business. Houston v. Clint (Tex. Civ. App.) 159 S. W. 409; Id., 106 Tex. 508, 169 S. W. 411; Houston v. Fuller, 26 Tex. Civ. App. 239, 63 S. W. 1048; Gulf Pipe Line Co. v. Lasater (Tex. Civ. App.) 193 S. W. 773; Bank of Hubbard v. Hubbard Farmers' Oil & Gin Co. (Tex. Civ. App.) 178 S. W. 1015; Hooven, etc., Co. v. Schriver & Co. (Tex. Civ. App.) 184 S. W. 359; Cameron v. Jones, 41 Tex. Civ. App. 4, 90 S. W. 1129; Ford v. Van Valkenburg (Tex. Com. App.) 228 S. W. 194.

■ After its motion to set aside the receiver's sale was overruled, appellant seems to have filed a motion requesting the court to apply the proceeds of sale to the payment of certain court costs and the balance to appellant. Had this motion been granted, we think appellant would thereafter have been estopped to claim an invalidity in the receiver's sale. The estoppel would arise from an election of remedies. Appellant could not have appropriated to its use the proceeds of a sale and thereafter seek to invalidate the sale itself. It seems, however, that no relief was granted to appellant by virtue of this motion. The mere institution of a proceeding is not such a conclusive election as will prevent one from abandoning it and pursuing an

inconsistent remedy. Hartford Life Ins. Co. v. Patterson (Tex. Civ. App.) 231 S. W. 814. As said in Rick et al. v. Farrell (Tex. Civ. App.) 266 S. W. 522, the mere commencement of an action is not an election, though remedies are inconsistent; but parties may dismiss one at any time before final judgment, and proceed upon the other remedy.

In view of the conclusions announced, the usual procedure would be to reverse and remand the case for a new trial as to appellant, but leaving all those portions of the judgment of the trial court disposing of issues as between parties other than appellant undisturbed. We think, however, this procedure in this case would probably work injustice. The judgment determines no question of priority as between appellant and R. M. Smith. Appellant seems to have consented for R. M. Smith's case to be consolidated. E. G. Negy may have some rights that require further adjustment, as between him and other parties, arising solely from the disposition we are making of the case. The rights of the parties are more or less interdependent. Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548.

We have, therefore, concluded that it is our duty to reverse the judgment of the trial court in its entirety, and to remand for further proceedings in accordance herewith; and it is so ordered.

### On Rehearing.

In the original opinion we said, concerning the action of the court in overruling the motion of appellant to set aside the receiver's sale, before confirmation of the sale, that:

"The court was also apprised of the fact that appellant was willing to pay $1,000 for the linotype alone, to be credited upon its indebtedness."

It was because we so understood the fact to be that we reached the conclusion it was the duty of the court to sustain the motion and set aside the sale, permitting appellant to have foreclosure of its lien, either independently of the receivership or without being chargeable with the expense thereof.

Appellee's motion for rehearing makes it plain that we were in error in thinking that, at the time of the hearing on the receiver's report, the court had information that $1,000 had been offered for the linotype machine alone. This fact, it seems, was developed in the trial of the case, something like a year later. We are now confronted with the necessity of re-examining our conclusions, based in part at least upon the misunderstanding of an important fact, to determine if such conclusions are, nevertheless, correct, or whether a different disposition must be made of the case.

As we noticed in the original opinion, appellant did not except to the order of the court approving the receiver's report and confirming the sale to the purchaser, E. J. Negy. We questioned if the appellant's motion to set the sale aside, heard the same day as the receiver's report, and to the action of the court in overruling which exception was duly taken, should be treated as an exception to the action of the court in approving the sale. We did not decide the point; it being unnecessary to do so because of our conclusion that there was error in the refusal of the court to set the sale aside on appellant's motion. But it now becomes necessary for us to determine if such contest was made of the confirmation of the sale, and such exception made to the action of the court in approving the sale as will entitle appellant to have the sale now disturbed.

We are rather reluctantly forced to the conclusion that the action of the trial court in ordering sale of the property and confirming the sale to Negy cannot now be reviewed by us. The purchaser was not a party to the suit at the time the court acted on the motion to set the sale aside, or when the sale was approved. True, he would have been bound by any order the court made, since, as purchaser of the property, his rights did not mature until the sale was confirmed. After confirmation of the sale the purchaser was charged with knowledge of everything in his chain of title, including recitations in the order approving the sale. That order, however, contained no recitation showing that any party to the suit objected to the approval of the sale. We do not think, however, that the purchaser was charged with notice of the order of the court refusing, upon appellant's motion, to set aside the sale. This was a different proceeding. For aught the record discloses, the purchaser may have been in entire ignorance of that proceeding; we cannot say that, if he had had knowledge of the court's action in refusing to set aside the sale, and that exception was duly reserved to such action, he would have paid his money for the property.

There is still another reason that leads us to the conclusion that we cannot disturb the sale. Most of the grounds urged in the motion to set aside the sale were without merit. The one or two that may have been good involved questions of fact necessary to be established by evidence. The evidence, if any, offered in support of the motion, is not shown. Under such circumstances it is our duty to presume either that no evidence was offered, or, if so, that it failed to support the grounds urged in the motion.

We are convinced that the trial court erred, however, in refusing to grant in part appellant's motion to apply the proceeds of the sale of the property, after payment of certain court costs, upon the debt of appellant. All the proceeds could not be thus applied, since included in the sale was other

property not covered by appellant's lien, but such part of the $425, proceeds of the sale of the property, as represented the value of the linotype machine, should, without any deduction for receivership expenses, after the payment of the necessary costs incurred by appellant in its original suit, have been applied upon the judgment that was finally rendered in favor of appellant.

The motion of appellees for a rehearing is accordingly granted. The judgment of the trial court in ordering and confirming sale of the property is affirmed. That part of the judgment of the trial court directing the distribution of the proceeds of the sale is reversed and remanded, with directions to the trial court to proceed to determine what part of the entire proceeds of the sale was represented by the linotype machine alone, to require, if necessary, accounting from the other parties to the suit by reason of the distribution of the fund originally made, and to make distribution as herein directed.