## DAVIS v. TEXAS STANDARD LIFE INS. CO.

### No. 1927.

Court of Civil Appeals of Texas. Waco.

March 31, 1938.

A. R. Stout, of Ennis, for plaintiff in error.

A. D. Dyess and Robert W. Cummings, both of Houston, for defendant in error.

ALEXANDER, Justice.

On January 20, 1933, "Texas Standard Life Insurance Company, of Houston," issued one of its certificates in Group A, by which it agreed to pay to Mrs. Alice C. Davis, upon the death of her husband, Harry R. Davis, the sum of $2,500. Said certificate described the company so issuing it as "Texas Standard Life Insurance Company, Houston, Texas." It provided that the company's liability to pay the maximum amount of the certificate should be discharged by the payment to the beneficiary the net proceeds of one call of $1 on each $1,000 insurance in force in good standing and paid for in said group at the time of the death of insured. On June 27th of the same year, the same company issued another certificate for the same amount and in like terms. The said Harry R. Davis died on April 5, 1934, and on October 26, 1934, Mrs. Davis brought this suit against Texas Standard Life Insurance Company to recover on said certificates. In due time a concern named Texas Standard Life Insurance Company, and describing itself as a local mutual aid association, answered in the cause, representing that it had executed the policies, but denying liability thereon on certain grounds not here necessary to be discussed. On January 10, 1936, another concern named Texas Standard Life Insurance Company, a corporation, describing itself as a state-wide life insurance company and represented by the same

attorney, filed a plea of intervention in the cause, and alleged, in effect, that it had been informed for the first time on that day that liability in said cause on said certificates was being asserted against it, but that, in truth and in fact, it had not executed said policies and was not liable thereon. There was evidence that the local mutual aid association, operating under the name Texas Standard Life Insurance Company, had changed its name to Security Standard Life Insurance Company. At the conclusion of the evidence the trial court instructed a verdict in favor of the Texas Standard Life Insurance Company, operating as a state-wide association, and instructed a verdict in favor of the plaintiff for $857.50, against Security Standard Life Insurance Company, as successor to the local mutual aid association, formerly operating under the name Texas Standard Life Insurance Company. The plaintiff sued out this writ of error.

One of plaintiff in error's contentions is that the court erred in limiting her recovery against the Security Standard Life Insurance Company, a successor to Texas Standard Life Insurance Company, the local mutual aid association, to the amount of $857.50. The two policies were for the sum of $2,500 each, but, as above set out, the company's liability on each certificate was limited to the net proceeds of one call of $1 on each $1,000 insurance in force in good standing and paid for in the particular group in question at the time of the death of the insured. M. C. Driscoll, president of the company, testified that such call, under said certificates, would have yielded the sum of $857.50. Being an officer of the company, he was an interested witness and his credibility and the weight of his evidence was for the jury. The court was not authorized to give an instructed verdict on his evidence alone. Thraves v. Hooser, Tex.Com.App., 44 S.W.2d 916, par. 4, and authorities there cited. The insurance company attempted to corroborate Driscoll's testimony by introducing the company's records showing the number of members in the class in question that were in good standing at the time and the amount of insurance carried by them. These records list 327 policies in force in this class. They indicate that each policy was for $5,000. If so, one assessment of $1 for each $1,000 insurance in good standing in said class would have yielded $1,635. As there were two certificates sued on in this case, the amount of plaintiff's recovery, according to said records, should have been $3,270. If the 327 certificates were for only $2,500 each, then one assessment would have yielded $817.50, and two assessments, one for each certificate, would have yielded $1,635. As a matter of fact, a written statement filed by Driscoll, showing his analysis of these records, discloses that he arrived at the amount which he claimed was due, $857.50, by totaling the premiums, $1,429.-16, collected during that month from the policy holders in this particular class, and setting aside 60 per cent. thereof as the amount that would be available for the payment of these certificates. Neither the policies nor the by-laws of the company authorized the satisfaction of the company's liability in any such manner. Even if this method should be adopted as the proper one to be used in calculating the extent of the association's liability on one of these certificates, the plaintiff would have been entitled to double the amount awarded, for she held two such certificates in this particular class. It will be seen therefore that the records, instead of corroborating Driscoll's testimony, actually discredited and disproved his testimony. Under these circumstances, the trial court erred in giving an instructed verdict against said defendant for the limited sum of $857.50.

Since the case must be reversed as to this particular defendant on this issue, we think justice would best be served by reversing the cause as to all defendants. 3 Tex.Jur. 1149, 1150; Mergenthaler Linotype Co. v. McClure, Tex.Civ.App., 9 S.W.2d 198, par. 6; Rio Grande, E. P. & S. F. R. Co. v. Guzman, Tex.Civ.App., 214 S.W. 628, par. 6.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.