FORD et al. v. VAN VALKENBURG et al.

MUNCIE OIL ENGINE CO. et al. v. SAME.

(No. 199–3265.)

(Commission of Appeals of Texas, Section B. March 9, 1921.)

1. Appeal and error ⬤➔1082(2)—Failure to appeal from original judgment held to prevent objection to appellate court judgment.

The holder of a note which was by the district court made subject to the costs and expenses of the receivership and to the vendor's lien notes subordinate to such certificates and costs, who did not appeal from the judgment, cannot, after it was reversed in part by the Court of Civil Appeals so as to give the vendor's lien notes priority over the receiver's certificates, assign error to the judgment of the Court of Civil Appeals for failure to give his note also priority over the receiver's certificates, since he had elected to accept the judgment of the trial court, and the judgment of the Court of Civil Appeals placed him in no worse position.

2. Receivers ⬤➔92—Direction to operate plant held abuse of discretion.

Where a town which had two light plants was not large enough to justify the operation of both, and the plant for which a receiver was appointed could not operate at a profit without additional equipment and extensions, the order of the court authorizing the operation of the plant by the receiver was improvident and an abuse of its discretion.

3. Receivers ⬤➔128—Receiver's certificates improvidently issued are subject to vendor's lien notes.

Receiver's certificates issued for the cost of operating a plant which was unnecessary and could not be operated at a profit, and which were therefore improvidently issued, are not entitled to priority over an existing vendor's lien on the real estate.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by Charles G. Mugler against the Mugler Manufacturing Company, in which Mrs. Gay Ford and others and the Muncie Oil Engine Company and others intervened, and which was consolidated with an action by R. W. Van Valkenburg to foreclose a vendor's lien. The judgments of the district court subordinating the vendor's lien to receiver's certificates and to the costs of the receivership, and also subordinating the vendor's liens to chattel mortgages claimed by the

Muncie Oil Engine Company and others, were affirmed in part and reversed and rendered in part by the Court of Civil Appeals (207 S. W. 405), and Mrs. Gay Ford and others and the Muncie Oil Engine Company and others separately bring error.     Judgment of the Court of Civil Appeals affirmed.

John Charles Harris, of Houston (W. S. Sproles, of Angleton, and Harris & Harris, of Houston, of counsel), for plaintiff in error Ford.

A. R. Rucks, of Angleton, for plaintiff in error Southwest General Electric Co.

Elliott Cage, of Houston, for plaintiff in error Muncie Oil Co.

Geo. A. Byers, of Houston, for plaintiff in error Mercantile Trust Co.

Thompson, Knight, Baker & Harris, of Dallas, and Cole & Cole, of Houston, for defendants in error.

SADLER, P. J.     The statement of this case is so fully set forth in the opinion by the honorable Court of Civil Appeals (207 S. W. 405) that it is not deemed necessary to here make any extended statement of the case.

Suffice it to say that Mrs. Gay Ford, as owner of the outstanding receiver's certificates, Harry Ford, as owner of one of the Van Valkenburg vendor's lien notes, A. T. Page, as receiver, C. D. Jessup, as the attorney for the receiver, and W. S. Sproles, as the master in chancery, in a joint petition applied for writ of error to the judgment of the Court of Civil Appeals.

All these applicants, save Harry Ford, assigned error to the judgment of the Court of Civil Appeals in giving priority to the vendor's lien notes sought to be foreclosed by Van Valkenburg over the cost, expenses, and receivership certificates in the receivership of the Mugler Manufacturing Company.     Harry Ford assigned error to the judgment of the appellate court in giving priority to the cost, expenses, and receivership certificates over one of the vendor's lien notes which he held as secondary to the notes retained by Van Valkenburg.

The Supreme Court in granting the writ of error made the notation: "We think the ninth error assigned should be sustained." The ninth error is that which Harry Ford assigned, and is not assigned by his copetitioners.

The Muncie Oil Engine Company also sued out writ of error to the judgment of the appellate court in giving priority to the vendor's lien notes and cost and expenses of receivership over its debt and lien.

It will suffice, in the disposition of the case as to the Muncie Oil Engine Company, to state that since the submission of this cause there has been filed in this court an agreement showing that it and R. W. Van Valkenburg have settled their differences and agreed to a dismissal of the case as to the writ granted it.

[1] In disposing of the error assigned by Harry Ford, it is sufficient to say that in the trial court the note held by him was made subject to the cost and expenses of the receivership and to the vendor's lien notes held by Van Valkenburg.     He did not appeal from this judgment, and made no complaint with regard to the position assigned him by the trial court.     The Court of Civil Appeals by its judgment has not changed the position of his debt; its change being only as to the relative position of the Van Valkenburg debt and the costs and expenses of the receivership.     The judgment of the appellate court does not put him in any worse position than he occupied in the judgment of the trial court, to which he made no complaint.     He, however, assigns error to the judgment of the Court of Civil Appeals in failing to give him a position of priority to the costs and expenses of administration in the receivership and secondary only to that of the debt asserted by Van Valkenburg.     We are of opinion that, having made no complaint to the judgment of the trial court, and having elected to accept that judgment, he is not in a position to complain of the judgment of the Court of Civil Appeals.

The effect of the findings of the trial court is that the plant should not have been operated; that the town had two light plants, and was not large enough to justify the operation of two, and that one was a hindrance to the other; that without additional equipment and extensions the light plant could not operate at a profit; and that the orders of the court in authorizing the operation of the plant were improvident and an abuse of discretion.     Its judgment, however, proceeded upon the theory that, notwithstanding the improvidence of operation and the abuse of discretion by the court granting the receivership, yet, as a matter of law, it did not affect the priority to be given to the cost and expenses incurred in the operation of the plant.

The Court of Civil Appeals approves these findings of fact and sustains the assignments of Van Valkenburg attacking the legality of the orders of the court authorizing the operation of the plant and the expenditures incurred therein.

[2, 3] An examination of the record confirms us in the conclusion found by the trial court and affirmed by the Court of Civil Appeals, that the operation of the plant was improvident, and that the trial court abused its discretion in so ordering.     In our opinion, there is no error in the judgment of the Court of Civil Appeals in the order of priority given to the debt in favor of R. W. Van Valkenburg.

While we are not to be understood as approving all that is said in the opinion of

the Court of Civil Appeals with reference to the issues involved, yet it is our opinion that, having correctly disposed of the rights of priority as between Van Valkenburg and the holders of the claims arising by reason of the administration of the property of the Mugler Manufacturing Company in the receivership, and the elimination of the questions affecting the Muncie Oil Engine Company and Harry Ford, the judgment of the Court of Civil Appeals should be affirmed, and we so recommend.

PHILLIPS, C. J. Application No. 11056 dismissed as per agreement, and the judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes