**SANDERS v. LEFKOVITZ et al.**   (No. 1963.)

(Court of Civil Appeals of Texas. El Paso. Feb. 24, 1927. Rehearing Denied March 17, 1927.)

**1. Fixtures ⬅️15—Mirrors attached to posts and electrical fixtures in clothing store held "trade fixtures," removable by tenant, in absence of contrary agreement.**

Mirrors which tenant attached to posts in clothing store and electrical fixtures *held* "trade fixtures," removable by tenant, in absence of agreement that fixtures should become property of landlord.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trade Fixtures.]

**2. Landlord and tenant ⬅️157(4)—Show window mirrors on store front and awning held to pass to lessor under contract which gave him improvements.**

Mirrors in show windows of clothing store constituting part of front built by lessees and awning *held* property of lessor under agreement that all improvements made by lessees should belong to lessor at expiration of lease, where agreement was made in contemplation of adding store front.

---

**3. Landlord and tenant** ⚖️157(4)—**Measure of damages for lessees' removing improvements was cost of replacement, where moderate and capable of proof with reasonable certainty.**

In lessor's suit against lessees for removing improvements in store front attached to realty, measure of damages was cost of replacement, where injury was susceptible of remedy at moderate expense and cost of replacement could be shown with reasonable certainty.

**4. Fixtures** ⚖️35(2½)—**Measure of damages for injury to real property applies to removing fixtures which have become part of freehold.**

Measure of damages for removal of fixtures which have become part of freehold is that applicable to injury to real property.

**5. Landlord and tenant** ⚖️157(4)—**Where measure of damages for lessees' removing windows from store was cost of restoration, lessor could show cost of resurfacing glass for replacement; secondhand mirrors not being obtainable.**

In action by lessor for lessees' removal of show windows of clothing store which had become affixed to realty under agreement, evidence of cost of resurfacing secondhand plate glass to be used in replacing mirrors *held* admissible to show cost of repairing damages, where measure of damages was cost of restoration, and secondhand mirrors were not obtainable.

**6. Landlord and tenant** ⚖️157(4)—**Agreement that improvements should belong to lessor held not to apply to mirrors attached to posts and electrical fixtures in clothing store.**

Mirrors attached to posts and electrical fixtures in clothing store *held* property by lessee constituting trade fixtures, notwithstanding agreement that all improvements made by lessee should belong to lessor at expiration of lease, where it did not appear parties intended to include trade fixtures within term improvements.

Appeal from District Court, El Paso County; B. Coldwell, Judge.

Suit by Sadie Lefkovitz and husband against Ed Sanders. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Kemp & Nagle and Harold Potash, all of El Paso, for appellant.

Knollenberg & Cameron, of El Paso, for appellees.

PELPHREY, C. J. This suit was originally filed in the Forty-First district court by Sadie Lefkovitz and Samuel Lefkovitz, husband and wife, against Ed Sanders. The case was, on May 4, 1926, transferred to the Sixty-Fifth district court and was tried on the amended petition of appellees in which they alleged that appellant had removed from a certain building situated at 104 San An-tonio street, owned by appellees, mirrors, electric light fixtures, wiring, and an awning.

Appellees alleged:

That the Texas Bank & Trust Company, a corporation, had leased the premises in question to Jack McDonald and Arthur Friedenburg for a period of five years from December 1, 1919. That thereafter the Texas Bank & Trust Company conveyed by warranty deed the premises in question to Sadie Lefkovitz, and that she is now the owner in fee of said real estate, and was the owner thereof prior to October 14, 1924. That on October 14, 1924, appellant desired to occupy the premises and to conduct a clothing store therein and agreed with appellees to accept the terms of the written lease theretofore executed between the Texas Bank & Trust Company and Jack McDonald and Arthur Friedenburg. That the aforesaid lease contained the following provision:

"All improvements made by said lessee shall belong to the lessor at the expiration or other termination of the hereby granted lease."

That the reasonable market value of the mirrors and frames, electric light fixtures, and wiring and awning, and the reasonable cost of replacing them in the same condition they were in when removed was $1,365.54, and that appellant had damaged appellees' property by removing the foundation to the boiler in the sum of $114.02.

Appellant answered by general demurrer, special exceptions, general denial, and specially denied that the articles removed were a part of the realty, and alleged that they were personal property used in the conduct and carrying on of his business. Appellant, at the close of the evidence, filed a motion for an instructed verdict which was by the court overruled. This case was submitted to the jury on the following special issues:

"Question No. 1: What do you find would be the reasonable cost, in February, 1925, to replace the mirrors removed by the defendant in the condition they were at that time?

"Question No. 2: What do you find would be the reasonable cost, in February, 1925, to replace the electric fixtures removed by the defendant in the condition they were at the time?"

The jury's answers to the questions were as follows:

"Answer to question No. 1: $280.

"Answer to question No. 2: $50."

Upon the above finding, the court rendered judgment in favor of appellees for $330 and the further sum of $20 as the value of the awning removed. From that judgment Sanders has appealed.

### Opinion.

In his first three assignments, appellant complains of the action of the court in refusing his motion for an instructed verdict,

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and insists that the mirrors and electrical fixtures were the personal property of appellant, and, as such, were removable; while appellees contend that they are included in the term "improvements," as that word is used in the lease contract, and are therefore irremovable.

[1, 2] There has been much confusion in the decisions on the question of what are and what are not removable as fixtures; but the Court of Civil Appeals of Texas, in the case of Menger v. Ward, 28 S. W. 821, has laid down the rule in this state. Judge Fly, in that opinion, discussed the question at considerable length and laid down the rule that, as between landlord and tenant, the greatest latitude is allowed in favor of the tenant, and that fixtures set up by the tenant for the better enjoyment of trade are retained by the tenant. Applying that rule in the present case, we conclude that the mirrors attached to the posts and the electrical fixtures were trade fixtures and removable by the tenant, unless, as contended by appellees, they are such improvements as the lease contract specifies shall become the property of the lessor. The term "improvement" has been held to be a relative term, and that its meaning must be ascertained from the context and the subject-matter of the instrument in which it is used. 31 Corpus Juris, p. 262.

The agreement entered into between the Texas Bank & Trust Company and McDonald and Friedenburg contained a provision that improvements should not be made by the lessees without the written consent of the lessor. It then provided for the building of a front to the building by lessees, the money for which was to be advanced by the lessor, and repaid by lessees. After reciting that lessees should assume all responsibility connected with the building of the front, the agreement specified that all improvements made by the lessees should belong to the lessor at the termination of the lease.

In our opinion the parties intended the word "improvements" to include improvements to be freehold and did not intend to include fixtures annexed to the property for the purpose of carrying on the trade of lessees. The mirrors in the show windows, being part of the front built by lessees, as well as the awning, were in our opinion, covered by the stipulation in the contract, and, upon their annexation, became part of the realty and the property of the lessor.

[3, 4] Appellant also contends that the court erred in submitting issues Nos. 1 and 2 to the jury, claiming that the cost of replacing the mirrors and electrical fixtures was not the correct measure of damages. The mirrors in the show windows and the awning, being improvements to the freehold, are part of the realty, and the measure of damages for their removal would be the measure applicable to injury to real property. The usual rule for the measure of damages to real property is the difference between its value immediately before and immediately after the injury, but there are circumstances in which that rule would not afford the proper measure of damages. Where the injury is susceptible of remedy at a moderate expense and the cost of restoration may be shown with reasonable certainty, then restoring the property to its original condition may be the proper measure of the damage. 17 Corpus Juris, p. 882.

In the case of Galveston, Harrisburg & San Antonio Ry. Co. v. Chitteim, 31 Tex. Civ. App. 40, 71 S. W. 294, a case where a fence had been burned by sparks from an engine, the court held that measure of damages for the destruction of the fence would be its actual value, to be ascertained by considering the cost of labor and material necessary to construct a fence equal to the one destroyed. The court further said:

"The destruction of the fence did not appreciably affect the value of the land, and the principle of compensation would be answered by a recovery of such an amount as would, if properly expended, restore the fence as it was before the fire."

[5] Under the peculiar circumstances of this case, we feel that the measure of damages submitted by the court was the proper one, and overrule the assignments relative thereto. The only other assignments relate to the introduction of certain testimony. Any evidence material to show the cost of repairing the damage to the building is, in our opinion, admissible; and, if secondhand mirrors are not obtainable, then evidence of the cost of resurfacing secondhand plate glass to be used in replacing the mirrors removed would certainly be a material part of the cost of replacement.

[6] Our opinion being that the mirrors attached to the posts and the electrical fixtures were trade fixtures and clearly the property of the appellant, the judgment is reversed, and the cause remanded.

Reversed and remanded.