**R. N. WHITE, Appellant,**

v.

**CADWALLADER & COMPANY, Appellee.**

No. 13088.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 6, 1957.

Rehearing Denied March 6, 1957.

L. M. Bickett, San Antonio, for appellant.

Davis, Clemens, Knight & Weiss, George H. Spencer, F. Nolan Welmaker, San Antonio, for appellee.

BARROW, Justice.

In this case appellee sued appellant, seeking to recover $1,250 for the alleged conversion of certain air-conditioning and heating equipment installed by appellee while a tenant of a building owned by appellant, claiming that such equipment was removable as a trade fixture. Appellant denied that he had converted such equipment and alleged that the same, on account of the manner of installation, became a part of the building, not removable as a trade fixture; that by the terms of a written lease between the parties the equipment was not a trade fixture and became a part of the building; that appellee was estopped to claim the equipment as a removable trade fixture, and that the removal of the equipment would damage the building in an amount in excess of $1,250.

Upon a trial before the court, judgment was rendered in favor of appellee and against appellant for $900 as damages for the alleged conversion. The appeal is from that judgment.

Appellant predicates this appeal upon two points: First, that the trial court erred in holding that the air-conditioning and heating equipment was a removable trade fixture which had been converted by appellant; and, Second, that the trial court erred in rendering judgment for appellee because appellee, by its conduct, was estopped from claiming that the air-conditioning and heating equipment was a removable trade fixture.

This lease was made upon a written contract which let the premises to appellee for a period of one year for the total consideration of $1,500. It also gave appellee an option for one additional year, for a like consideration. The written lease provided: "All alterations, additions, and improvements (except trade fixtures) installed at the expense of the lessee shall become the property of the lessor and shall remain upon and be surrendered with the premises as a part thereof at the expiration of this lease. That no improvements or alterations shall be made in or to said premises without the consent of the lessor in writing." Said lease contract also provided: "That the lessee shall not place any sign or air conditioning on or about the premises except as approved by lessor or his agent." Thus, the point for decision, under the facts in this case and in the light of the written lease, is: Was the air-conditioning and heating equipment a "trade fixture" and removable by the lessee, or was it an alteration, addition and improvement, and as

such required to remain on the premises as the property of the lessor?

The air-conditioning used in the leased premises was a standard assembly-line unit, known as a "store-type self-contained unit," which was unattached to the building and rested on the floor on fiberglass pads. It was a three-ton unit (referring to its capacity), which weighed approximately 500 to 600 pounds. The ducts from the air-conditioning unit rested on top of a partition with some fiberglass insulation. The heating unit was above the air-conditioning unit and suspended by two one-inch pipes screwed or bolted to the ceiling joists and was vented through the ceiling and roof by a six-inch vent. The source of water supply for the unit was copper tubing run along a partition wall to a lavatory. It was installed by lessee at a cost of $1,481.

Lessee's business was the sale of real estate and property management. The office space leased had no air-conditioning or heating, and the air-conditioning and heating unit for use therein was purchased about two weeks after taking possession. Appellee's manager testified that in the type of business in which appellee engaged it was not only desirable but mandatory to have air-conditioning for summer comfort and heat for winter comfort. He also testified that after the execution of the contract he obtained appellant's approval to use the air-conditioning and heating unit in the premises.

■ The term "trade fixture" has been defined and interpreted many times by the courts. Its meaning is now well settled in this State. In the case of Granberry v. Texas Public Service Co., Tex.Civ.App., 171 S.W.2d 184, 186, the Court said:

"It is now well settled that, as between a landlord and his tenant, the term 'trade fixtures' refers to and means such articles as may be annexed to the realty by the tenant to enable him properly or efficiently to carry on the trade, profession, or enterprise contemplated by the tenancy contract or in which he is engaged while occupying the premises, and which can be removed without material or permanent injury to the freehold. Menger v. Ward, Tex.Civ. App., 28 S.W. 821; Second 'Nat. Bank v. O. E. Merrill Co., 69 Wis. 501, 34 N.W. 514."

In the Granberry case, supra, the lease contract contained the identical provisions as to the removal of trade fixtures and the retention of all other alterations, additions and improvements as in the case here. The property there involved was electric light fixtures installed by the tenant, furnishing light to two floors of the building. They were attached in a manner similar to the fixtures in this case. The Court held that they could be removed as trade fixtures.

In the case of Moskowitz v. Calloway, Tex.Civ.App., 178 S.W.2d 878, 879, writ ref., the Court had before it a case on an air-conditioning unit similar to the one involved here. The trial court held that the tenant could not remove the unit as a trade fixture. The Court of Civil Appeals, in reversing the trial court, said:

"With respect to determining whether or not chattels placed upon land by lessees and tenants have become permanently affixed, the rule is much more liberal at present than in times past. 19 Tex.Jur. 723. The cases of Menger v. Ward, Tex.Civ.App., 28 S.W. 821, and Sanders v. Lefkovitz, Tex.Civ. App., 292 S.W. 596, 598, are authority for the statement that 'as between landlord and tenant, the greatest latitude is allowed in favor of the tenant, and that fixtures set up by the tenant for the better enjoyment of trade are retained by (him).' "

The case of Nine Hundred Main, Inc., v. City of Houston, Tex.Civ.App., 150 S.W.2d 468, 470, cited by appellant, is not authority for holding that appliances such as are under consideration in the present case are not removable as trade fixtures. In that

192

case the Court had under consideration an "air-conditioning system", installed at a cost of $85,000, weighing several hundred tons, serving five floors of a building, and so constructed as to become an integral part of the building.

While the evidence in this case is conflicting as to whether a removal of the fixture would materially damage the building, the trial court, in rendering judgment for appellee, impliedly found against any material damage thereto. That implied finding has support in the evidence and is binding on this Court.

Having reached the conclusion that the trial court's implied finding, that the air-conditioning and heating unit involved is a "trade fixture", is supported by the evidence, it follows that appellee had the right to remove it. Appellant's first point is overruled.

By his second point appellant contends that appellee is estopped to claim damages for the conversion of the air-conditioning and heating unit, because appellee lead him to believe that it had abandoned the unit and did not claim it. While there is evidence which tends to support this contention, on the other hand, there is evidence that some time prior to the expiration of the lease appellee made preparation to remove the unit to a new location, and that one week before the lease expired appellee sent workmen to the premises to dismantle the unit, at which time appellant prevented them from so doing, claiming that they had no right to remove the unit, that it was a part of the property. There was evidence before the trial court which would support a finding that appellee made no false representation, either expressly or by its conduct, as to the true ownership of the unit, the parties being equally in possession of the facts. Therefore, appellant did not rely upon any conduct of appellee, nor was he misled thereby.

In order to constitute an equitable estoppel or estoppel in pais, there must be, among other essential elements, a false representation or concealment of the facts by the party against whom the estoppel is sought, and a reliance thereon by the party seeking to establish the estoppel. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. The trial court, in rendering judgment for appellee, must be presumed to have found the facts in favor of appellee. That presumed finding has support in the evidence and is binding on this Court. Appellant's second point is overruled.

Finding no error, the judgment is affirmed.