**JIM WALTER WINDOW COMPO-NENTS, Appellant,**

v.

**TURNPIKE DISTRIBUTION CENTER, Appellee.**

No. 20892.

Court of Appeals of Texas, Dallas.

Jan. 25, 1982.

Rehearing Denied March 1, 1982.

Jack C. Myers, Dallas, for appellant.

Aimee Hess, Tuttle, Sheehan, Young & Hess, Dallas, for appellee.

Before AKIN, SPARLING and FISH, JJ.

SPARLING, Justice.

Jim Walter Window Components (Walter) appeals from a judgment of the trial court granting a permanent injunction in favor of Turnpike Distribution Center (Turnpike) preventing the removal of alleged "trade fixtures." Turnpike cross-appeals, claiming the court erred in refusing to grant its reasonable attorney's fees. We hold that the permanent injunction was granted in error and that the trial court properly denied Turnpike's claims for attorney's fees.

Turnpike leased Walter warehouse space in which Walter manufactured spiral balances for windows. To use necessary machinery, Walter installed, at a cost of $16,-000, electrical equipment consisting of switch boxes, breaker boxes, junction boxes, electrical conduit and a transformer. The transformer was situated on the floor and connected to the electrical source by four conduits. The various boxes were mounted on a ¾" plywood board which was bolted to the wall. Prior to the August 4, 1979 termination of the lease Walter was served with a temporary restraining order, forbidding removal of the electrical equipment.

The intent of the parties regarding the right to remove additions at the termination of a lease is to be determined from the provisions of the lease agreement. *Haverfield Company v. Siegel*, 366 S.W.2d 790, 791 (Tex.Civ.App.—San Antonio 1963, writ ref'd); *Fenlon v. Jaffe*, 553 S.W.2d 422, 429 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.) The relevant portion of the lease agreement between Walter and Turnpike is:

At the termination of the lease, Tenant shall, if landlord so elects, remove all alterations, additions, improvements and partitions erected by Tenant and restore the premises to their original condition; otherwise such improvements shall be delivered up to the landlord with the premises. All shelves, bins, machinery and *trade fixtures* installed by Tenant may be removed by Tenant at the termination of this lease if tenant so elects, and shall be removed if required by landlord. (Emphasis added)

Walter contends that the electrical equipment installed by it constituted "trade fixtures" within the terms of the lease and could, therefore, be removed upon termination of the lease. "Trade fixtures" is not defined by the lease. Turnpike argues that the equipment had become so integrated into the building as to constitute an "improvement" which accrued to the landlord upon termination of the lease.

▮ "Trade fixtures" are to be distinguished from other fixtures attached to the property. "[A]s between landlord and tenant, in favor of trade and to encourage industry, the greatest latitude is allowed, so that all fixtures set up for better enjoyment of trade are retained by the tenant." *Menger v. Ward,* 28 S.W. 821, 823 (Tex.Civ. App.—San Antonio 1894), *rev'd on other grounds,* 87 Tex. 622, 30 S.W. 853 (1895). The court further stated that the reason for this rule is: "[I]mprovements made by a vendor, mortgagor or ancestor are made to enhance the value of the estate, and to be permanent; while those made by the tenant are temporary and made for purposes of his trade." *Menger v. Ward,* 28 S.W. at 823; *See Moskowitz v. Calloway,* 178 S.W.2d 878 (Tex.Civ.App.—Texarkana 1944, writ ref'd w.o.m.). " 'Trade fixtures' refers to and means such articles as may be annexed to the realty by the tenant to enable him properly or efficiently to carry on the trade, profession, or enterprise contemplated by the tenancy contract or in which he is engaged while he is occupying the premises, and which can be removed without material or permanent injury to the freehold." *Granberry v. Texas Public Service Co.,* 171 S.W.2d 184, 186 (Tex.Civ.App.—Amarillo 1943, no writ). *See also White v. Cadwallader & Company,* 299 S.W.2d 189, 191 (Tex. Civ.App.—San Antonio—1957, writ ref'd n.r.e.); *Nine Hundred Main, Inc. v. City of Houston,* 150 S.W.2d 468, 471 (Tex.Civ.App. —Galveston 1941, dism'd judgment cor.) In *Granberry,* modern lighting fixtures were allowed to be removed by the tenant upon vacating the premises, leaving the existing electrical system intact. In *White* the tenant was granted title to a self-contained heating/air-conditioning unit because the court found it could be removed without materially damaging the building. In *Nine Hundred Main,* the definition of "trade fixtures" was properly applied to deny tenant ownership of a 40,000 pound air-conditioning system which serviced five floors of the building. The Court found in that case that "this elaborate, intricate, heavy and complicated labyrinth, entering so integrally into and forming a part of the necessary reconstruction of this building for modern uses generally, cannot be regarded as such a concomitant of the appellee's peculiar dry goods and department store business as to be removable with it...." *Nine Hundred Main, Inc. v. City of Houston, supra* at 471.

▮ The electrical equipment in this case is not integrated into the building structure. The electrical boxes are mounted on plywood that is bolted to the wall, and its removal would leave holes which could easily be filled. The transformer is on the floor and could be removed without any damage. The conduits connecting the boxes and transformer to the power supply, left exposed by removal of the equipment, would have to be capped off at the power source in order to meet city code requirements. None of these procedures would damage the building itself, that is, they would not "materially injure the freehold."

We hold, therefore, that the electrical equipment attached to the power supply of this building constitutes "trade fixtures" and that the parties intended, in using that term in the lease, to allow the tenant to remove them if he so desired.

The lease provides that the tenant shall pay landlord's reasonable attorney's fees in the event of "breach or default" by the tenant. Because we hold that Walter was within its rights in seeking to remove the trade fixtures, no "breach or default" of the lease agreement has occurred. Turnpike's claim against Walter was not a valid one as contemplated by Tex.Rev.Civ.Stat. Ann. Art. 2226 (Vernon Supp.1980–1981.) Attorney's fees are not recoverable.

We reverse the judgment of the trial court and dissolve the injunction.