T. G. CONNELLY, Appellant,

v.

ART & GARY, INC., d/b/a International ABM & Elmer Haag, Individually, et al., Appellees.

No. 1920.

Court of Appeals of Texas, Corpus Christi.

March 18, 1982.

Rehearing Denied April 8, 1982.

Wm. Dewitt Alsup, Kim Cox, Alsup & Alsup, Corpus Christi, for appellant.

Christian Jenkins, Walter Groce, Corpus Christi, for appellees.

Before BISSETT, UTTER and KENNEDY, JJ.

OPINION

BISSETT, Justice.

This is a conversion suit filed by T. G. Connelly against Art & Gary, Inc., Elmer Haag, and Nancy Bowen. In his Third Amended Original Petition, Connelly alleged that he was entitled to remove a sign from property owned by Art & Gary, Inc., and prayed for damages or, in the alternative, possession of the sign. Following a non-jury trial, the trial court rendered a take-nothing judgment against Connelly. Findings of Fact and Conclusions of Law were requested and filed. A "Notice of Limitation of Appeal" was filed by Connelly which excluded Nancy Bowen as a party to the appeal.

In 1968, Connelly leased a building from Nancy Bowen and erected a sign on the premises to advertise his auto parts business. This sign is forty-six feet high, sixteen feet wide, and extends approximately twelve feet into the ground. The portion in the ground is encased in cement. The only way to remove the sign would be to cut off the top of it and leave the bottom twelve feet in the ground.

The lease agreement between Connelly and Nancy Bowen provided, in pertinent part:

"All alterations, additions and improvements, except trade fixtures, put in at the expense of Lessee shall be the property of the Lessor and shall remain upon and be surrendered with the premises as a part thereof at the termination of this lease ... That no improvements or alterations shall be made in or to the hereby demised premises without the consent of the Lessor in writing."

\*    \*    \*    \*    \*    \*

"The Lessee shall not place any signs at, on, or about the premises except as and where first approved by the Lessor ... and the Lessor shall have the right to remove any sign or signs in order to paint the building or premises or make any other repairs or alterations."

Connelly testified that, prior to the erection of the second sign, he obtained permission from Delbert Bowen, the agent for Nancy Bowen, to erect the sign. Delbert Bowen, however, testified that no such permission was given. The trial court, in its Findings of Fact, found that no such permission was given.

In December of 1975, Connelly moved his auto parts business to another location and ceased occupying the premises leased from Nancy Bowen. Connelly did not attempt to remove the sign at that time. In February of 1976, Nancy Bowen sold the building formerly leased by Connelly to Art & Gary, Inc. In March of that year, Connelly attempted to remove the sign but Art & Gary, Inc., through Elmer Haag, refused to permit its removal. This suit followed.

In his Findings of Fact and Conclusions of Law, the trial judge determined that the sign was not a trade fixture, but a permanent fixture erected without permission, and that Connelly waited an unreasonable period of time, i.e., six weeks, before claiming the sign.

In his first point of error, Connelly contends that the trial court erred in finding that the sign was not a trade fixture. In his second point of error, Connelly contends that the trial court erred in holding that he waited too long before trying to remove the sign. We think the dispositive issue on appeal is whether the sign in question is a trade fixture. If it is a trade fixture, under the terms of the lease Connelly is entitled to remove it unless there was an abandonment; if it is not a trade fixture, Connelly is not entitled to remove it.

■ The term "trade fixture" refers to an article annexed to the leasehold by the tenant to enable him to carry on the trade, profession, or business contemplated by the lease agreement or in which he is engaged while occupying the premises, and which can be removed without material or permanent injury to the leasehold. *White v. Cadwallader & Company*, 299 S.W.2d 189, 191 (Tex.Civ.App.—San Antonio 1957, writ ref'd n. r. e.); *Moskowitz v. Calloway*, 178 S.W.2d 878, 880 (Tex.Civ.App.—Texarkana 1944, writ ref'd w. o. m.); *Granberry v. Texas Public Service Co.*, 171 S.W.2d 184, 186 (Tex.Civ.App.—Amarillo 1943, no writ); 35 Am.Jur.2d Fixtures § 39 (1967); 36A C.J.S. Fixtures § 38 (1961). Thus, to constitute a trade fixture, the sign in question must be an article annexed to the leasehold by Connelly which:

(1) enabled him to carry on his auto parts business, *and*

(2) can be removed without material or permanent injury to the leasehold.

As stated above, the sign in question can only be partially removed. In *Van Valkenburgh v. Ford*, 207 S.W. 405, 420 (Tex.Civ.App.—Galveston 1919), aff'd 228 S.W. 194 (Tex.Com.App.1921, judgment adopted), the court held that a 30,000 pound engine bolted to a concrete foundation could not be removed without materially injuring the realty. This was true even though the engine itself could be removed from the concrete foundation. The court reasoned that the concrete foundation must be considered a part of the engine and since the foundation could not be removed without injury to the realty, the engine could not be removed.

Regarding the removal of the sign, Connelly testified as follows:

"Q. How far did these poles go into the ground?

A. Twelve feet.

Q. And you're going to cut them off level to the ground?

A. About six inches below the ground.

Q. What equipment had you gotten to go remove that six inches below the ground?

A. A pick and a shovel and a cutting torch.

Q. Were you going to be able to remove the cement?

A. There isn't no cement even with the ground.

Q. I'm talking about below the ground.

A. No, it was to be left there.

Q. So basically you're leaving twenty-four feet of the sign there when you leave, is that right?

A. No, sir, I'm leaving twelve feet of the sign there.

Q. Well, it's two sides, right?

A. Yeah, okay.

Q. Twenty-four feet of sign?

A. Of pipe, right, and concrete."

\* \* \* \* \* \*

"Q. Now then, you've got twelve feet, you say, and that is set in concrete?

A. Yes, sir.

Q. And twelve feet over there is set in concrete?

A. Yes, sir.

Q. And that's permanently affixed to the ground, that part of it, at least?

A. Yes, sir.

Q. Then you say you had that welded to the pipe down there.

A. Yes, sir."

■ Since the sign in question can only be partially removed, and since its removal will leave the iron and concrete foundation in the ground, we hold that the sign *cannot* be removed without materially injuring the leasehold. We, therefore, hold that the sign in question is *not* a trade fixture. Further, the sign was not erected on the leasehold to enable Connelly to *carry on* his business, but to *advertise* his business. Connelly's first point of error is overruled. In view of our holding, we need not consider Connelly's second point of error.

Judgment of the trial court is AFFIRMED.