**Sisto G. CANTU and Wife, Sophia Cantu a/k/a Sobeida G. Cantu, Appellants,**

v.

**George E. HARRIS, Jerry N. Kolb, James E. Brooke, and Teng C. Ong, M.D., Appellees.**

**No. 13–83–035–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 10, 1983.

---

John W. Peterson, Beeville, for appellants.

Marion E. Williams, Jr., Beeville, for appellees.

Before BISSETT, KENNEDY and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a judgment granting a permanent injunction prohibiting defendants-appellants from removing an alleged fixture. We reverse and render.

Plaintiffs-appellees, as purchasers under a foreclosed deed of trust, brought suit to enjoin defendants, prior owners of a ten-acre tract of land being developed as a mobile home park, from removing a metal building that plaintiffs claimed passed to them under the terms of the trust deed providing plaintiffs were to have and hold the premises and property "together with the rights, privileges and appurtenances thereto belonging...."

Trial was without a jury and no findings of fact or conclusions of law were filed. The trial court apparently found, and specifically stated in its judgment, that the building "was and is permanently attached to the land and is therefore a part of the

real estate purchased by the plaintiffs...." The trial court then made perpetual a prior preliminary injunction that prevented defendants from entering the property to remove the building.

### ISSUE

The controversy and facts developed at trial revolve around whether the addition of a 3 to 4 inch concrete floor to a 14 × 30 foot portable metal building deprives it of its mobility and works such a mutation as to transform its character from that of personal chattel into real property permanently attached to the soil. In short, does the floor make the building a fixture? We hold that under the facts and circumstances of this case, it does not.

■ In reviewing a trial court's judgment where no findings of fact or conclusions of law have been requested or filed, the judgment of the trial court must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law. *Seaman v. Seaman,* 425 S.W.2d 339 (Tex.1968); *Cawse-Morgan v. Murray,* 633 S.W.2d 348, 350 (Tex.App.—Corpus Christi 1982, no writ). The Court of Appeals must presume that the trial court found all necessary facts in favor of the judgment, and the reviewing court is bound by such implied findings if there is any evidence of probative value to support them. In reviewing the evidence, all evidence that is contrary to the presumed findings must be disregarded.

In the present case, the only theory of law that would support the injunction is that the building was permanently attached to the ground and, therefore, part of the realty. We interpret appellant's brief to raise as his point of error that there is no evidence to support the implied finding the building was permanently annexed to the soil.[1] In considering a "no evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex. 1981); *Garza v. Alviar,* 395 S.W.2d 821

(Tex.1965); *Allied Finance Company v. Garza,* 626 S.W.2d 120 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error,* 38 Tex.L.Rev. 359 (1961). We have carefully reviewed the record and are convinced there is no evidence in support of the implied finding that the building had become a part of the realty.

■ At trial, there was testimony that the structure was firmly attached to the concrete slab. The reoccurring word was "imbedded." This evidence misses the point. The general rule is that permanent annexation to the soil of a thing in itself personal makes it a part of realty. *Missouri Pacific Railway v. Cullers,* 81 Tex. 382, 17 S.W. 19, 22 (1891).

■ Two witnesses were offered in support of the proposition that the building was permanently attached to the soil. One of the plaintiffs, Jerry Kolb, when asked, "Does it appear that the slab was laid after the building was in place," testified "No. I would hesitate to answer that. I don't know the assembly of the building." Another plaintiff James Brooke, when asked, "Does it appear to you to be all one slab that was poured all at one time—that is the walkway, the patio, and slab itself," answered "That I can't say, you know. I think the contractor pours slabs in sections, so I can't really say. But it is possible that slab for the building was poured—then a sidewalk was improved upon later. It could be. I really don't know."

The testimony recited above was the only evidence offered by plaintiffs to meet their burden of proving the structure was permanently affixed to the soil. We find this testimony is no evidence the building was permanently attached to the realty. Having failed to prove this essential element of their claim, plaintiffs have no cognizable legal interest in the building.

---

1. We do not favor recitations in the judgment of purported findings of fact and conclusions of

law. *See Jones v. Jones,* 641 S.W.2d 342 (Tex. App.—Corpus Christi 1982, no writ).

In our review of the record, we also note that the question of damage to the building was hotly contested. Again, this misses the point. The issue is not damage to the building, but rather damage to the freehold. *See Connelly v. Art & Gary, Inc.,* 630 S.W.2d 514, 516 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.) (to qualify as trade fixture, leasehold must not be materially or permanently injured by removal); and, *Bub Davis Packing Co. v. ABC Rendering Company,* 437 S.W.2d 634, 637 (Tex.Civ.App.—Austin 1969, no writ) (equipment may be reclaimed if removable without material injury to premises).

Putting aside for a moment our determination that the item was not proven to be permanently attached to the realty, our decision would remain the same for we hold that appellant established as a matter of law that he intended to remove the building from the premises and, to effect this intent, constructed the building so as to preserve its portable nature.

■ A three-part test to determine whether a chattel has become an immovable fixture has been well established in Texas. *See O'Neil v. Quilter,* 111 Tex. 345, 234 S.W. 528, 529 (1921); *Hutchins v. Masterson,* 46 Tex. 551 (1887). That test is:

(1) Has there been a real or constructive annexation of the property in question to the realty?
(2) Was there a fitness or adaptation of the article to the uses or purposes of the realty with which it is connected?
(3) Was it the intention of the party making the annexation that the chattel should become a permanent accession to the freehold?

*Ruby v. Cambridge Mutual Fire Insurance Co.,* 358 S.W.2d 943, 945 (Tex.Civ.App.—Dallas 1962, no writ). Of the three-part test, the Supreme Court in *Hutchins* stated: "And of these three tests, pre-eminence is to be given to the question of intention to make the article a permanent accession to the freehold, while the others are chiefly of value as evidence as to this intention." *Hutchins* at 46 Tex. 554. *Fenlon v. Jaffee,* 553 S.W.2d 422, 428–29 (Tex.Civ.App.—Tyl-

er 1977, writ ref'd n.r.e.) (third criteria, dealing with intention, is preeminent, whereas others "chiefly evidentiary"). *See also Ruby v. Cambridge Mutual Fire Insurance Co.,* 358 S.W.2d 943, 946 (Tex.Civ.App.—Dallas 1962, no writ).

■ Our holding that appellant established as a matter of law his intent to preserve the portable nature of the building and his intent not to make the building a permanent part of the mobile home park is well supported by the evidence. Although the testimony of Mr. Cantu as an interested party would not establish the fact of his intention as a matter of law, his testimony was not only uncontradicted, but also corroborated by two other witnesses. *See Simmonds v. Saint Louis, B. & M. Ry.,* 127 Tex. 23, 91 S.W.2d 332, 333–34 (1936). In addition to Cantu's testimony that he intended the building to be portable and temporary, Lupe Garza, a house mover, testified that, two to two and one-half months prior to the controversy, he was told by appellant of his plans to move the building. This testimony was unimpeached as was that of Jesse Garcia, a prior owner of the building, who testified that Cantu discussed how to pour the slab so that the entire structure could later be moved.

## CONCLUSION

Since there was no evidence the structure was annexed to the realty, plaintiffs have failed to meet their burden of proving the structure was a fixture. This notwithstanding, appellant established as a matter of law his intent to preserve the portable nature of the building.

The judgment of the trial court is reversed. The injunction is dissolved.