Mrs. A.P. BOYETT and Mrs. Norma Sue Boyett Bankston, Appellants,

v.

A.P. BOEGNER, Appellee.

No. 01–87–00459–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 4, 1988.

**26**

Jay B. Goss, Vance, Bruchez, & Goss, Bryan, for appellants.

Vaughn E. Waters, Bryan, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

WARREN, Justice.

This is an appeal from the trial court's order granting appellee's motion for judgment non obstante veredicto in appellant's suit for breach of lease and conversion. The trial court entered judgment in favor of appellants on stipulated interest and attorney's fees, but granted appellee's motion for judgment n.o.v. on the issues submitted to the jury.

On June 1, 1979, appellants leased property in College Station to Jack Sebastian for the operation of a restaurant. In 1983, Sebastian assigned the lease to appellee, who vacated the premises at the termination of the lease on July 1, 1984.

This dispute surrounds appellee's removal of five air conditioning condensing units and two interior gas heating blowers that Sebastian installed during his tenancy. Appellants contend that these units constituted "improvements" and remained appellants' property under the terms of the lease. Appellee maintains that the units were "trade fixtures" and therefore belonged to appellee and were properly removed by him at the conclusion of the lease.

The court concluded that the units were "trade fixtures" and instructed the jury that:

> You must confine your deliberations solely to a determination of whether or not [Appellee] caused damage to the remainder of the air conditioning system when he removed the five (5) air conditioning condensing units and two (2) interior gas heating blowers, and you must *not* consider the value of the five (5) air conditioning condensing units or the two (2) interior gas heating blowers that were removed, in arriving at your answer.

However, the court submitted special issues, over appellee's objection, that asked what sum of money would restore appellants' building to its condition immediately prior to the removal of the units. Appellants' counsel was allowed to argue to the jury, over appellee's objection, that appellants were entitled to the replacement value of the central air conditioning unit that appellee removed. The jury awarded appellants $5000.

The court granted appellee's motion for judgment n.o.v. based upon an insufficiency of pleadings and evidence to support the verdict.

Appellant brings two points of error, challenging the trial court's finding that the air conditioning units were trade fix-

tures, and the court's granting of appellee's motion for judgment n.o.v.

■ We will first address the issue of whether the court correctly characterized the air conditioning units as "trade fixtures."

The term "trade fixture" has been defined many times by the courts. In *Granberry v. Texas Public Service Co.,* 171 S.W.2d 184 (Tex.Civ.App.—Amarillo 1943, no writ), the court stated:

> It is now well settled that, as between a landlord and his tenant, the term 'trade fixtures' refers to and means such articles as may be annexed to the realty by the tenant to enable him properly or efficiently to carry on the trade, profession, or enterprise contemplated by the tenancy contract or in which he is engaged while occupying the premises, and which can be removed without material or permanent injury to the freehold.

*Id.* at 186; *see also Tempo Tamers, Inc. v. Crow–Houston Four, Ltd.,* 715 S.W.2d 658 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

In *Moscowitz v. Calloway,* 178 S.W.2d 878 (Tex.Civ.App.—Texarkana 1944, writ ref'd w.o.m.), the lessors sought an injunction restraining the lessees from removing an air cooling system from the lessor's building. The air conditioning units were composed of boxes containing fans, motors, and evaporative mediums. The units rested on the ceiling or were screwed to the ceiling, and were connected to the building by electric wires and copper tubing laid on the ceiling joists. No injury other than a screw or nail hole would result to the building by their removal. The court said that the cooling system was installed in order for the tenant to conduct his business more efficiently, and that no material or permanent injury would result to the freehold by the removal of the system. Therefore, the court concluded that the air conditioning system was personalty of the tenant.

In *White v. Cadwallader,* 299 S.W.2d 189 (Tex.Civ.App.—San Antonio 1957, writ ref'd n.r.e.), the court held that an air conditioning unit and a heating unit were removable by the tenant as trade fixtures. The air conditioning unit was a self-contained unit that merely rested on the floor of the building. However, the heating unit was suspended by two pipes screwed or bolted to the ceiling joists and vented through the ceiling and roof. The court noted that great latitude is afforded in favor of a tenant, and that fixtures set up by the tenant for the better enjoyment of trade are retained by him. The court adhered to the trial court's implicit finding that no material damage would result to the building by the removal of the air conditioning and heating units.

The only case cited by appellants as authority for the proposition that the air conditioning units are not trade fixtures is *Nine Hundred Main, Inc. v. City of Houston,* 150 S.W.2d 468 (Tex.Civ.App.—Galveston 1941, writ dism'd judgmt cor.). However, that case is distinguished by both *Moscowitz v. Calloway* and *White v. Cadwallader* because the air conditioning system in *Nine Hundred Main, Inc.* extended throughout five floors and included a 40,000 pound compressor and 11 cooling units weighing up to 10,000 pounds each.

The five air conditioning units in our case were installed outside of the building and were each placed upon a concrete pad. They were attached to the building by one suction line, one discharge line, one thermostat line, and one electrical line. The removal of the air conditioning units required only the disconnection of those lines. George Boyett, appellants' agent, testified that the disconnection of the lines did not damage appellants' building.

Appellants contend that their lease agreement with Sebastian, the original lessee, contemplated that all items added to the existing building would be "improvements."

Paragraph 6 of the lease states, "All improvements to existing improvements shall be constructed by Lessee at his sole cost or expense." Paragraph 18 states, "At the final expiration of this agreement ... all improvements constructed by Lessee shall become the sole and exclusive property of the Lessor."

We find that the language of the lease does not support appellants' contention. The lease provisions refer only to "improvements." The provisions are unambiguous; therefore, we must determine the rights of the parties by giving legal effect to the contract as written. *Ideal Lease Serv., Inc. v. Amoco Prod. Co.*, 662 S.W.2d 951, 953 (Tex.1983). "[T]he term 'improvements' comprehends all additions to the freehold, *except* 'trade fixtures' which can be removed without injury to the building." *Nine Hundred Main, Inc. v. City of Houston, 150* S.W.2d at *472* (cites omitted) (emphasis added). We conclude that the language of the lease does not expressly include "trade fixtures."

■ Appellants' contention that they and Sebastian contemplated that the air conditioning system would be a permanent improvement is equally unpersuasive. Parol evidence is not admissible to show that the terms of the contract do not agree with the previous understanding of the parties. *Caviness Packing Co. v. Corbett*, 587 S.W.2d 543, 546 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.).

We hold that the condensing units and gas heating blowers were not permanent improvements to appellants' building. The units were removed without material injury to the building. The terms of the lease do not require a contrary finding; therefore, the trial court did not err in instructing the jury that appellee had a legal right to remove the air conditioning units at the conclusion of the lease. Appellants' second point of error is overruled.

■ We now address appellants' point of error complaining that the trial court erred in granting appellee's motion for judgment non obstante veredicto.

The court's judgment states that there is no evidence to sustain the verdict, and that the pleadings and evidence do not support the submission of the special issues.

In reviewing the grant of a motion for judgment n.o.v., we must determine whether there is any evidence upon which the jury could have made the finding. We review the record in the light most favorable to the finding, considering only the evidence and inferences that support the finding. *Navarette v. Temple Indep. School Dist.*, 706 S.W.2d 308, 309 (Tex. 1986). There is some evidence, or more than a scintilla, if reasonable minds could differ on the existence of a vital fact. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983).

Appellee objected to the submission of the special issues on the grounds that the issues were without support in the pleadings. Special Issue No. 1 asked what amount of money would restore appellants' building to its condition prior to the removal of the air conditioning units. Special Issue No. 2 inquired as to the reasonable amount of appellants' attorney's fees incurred in the case.

■ The submission of the issues was inconsistent with the court's instruction that appellee had a legal right to remove the units. The court's finding that the air conditioning units constituted "trade fixtures" meant that appellants were entitled to damages only for physical injury to the freehold incurred by the removal of the units. The language of Special Issue No. 1 erroneously implies that appellants were entitled to the difference in the value of the building before and after appellee removed the air conditioning units, which the court correctly found to be appellee's personal property.

Appellants' petition fails to plead a cause of action for injury to the freehold. They pleaded only that the air conditioning units were "improvements" and that appellants were entitled to the value of the units, alleged to be $10,000, or, alternatively, to the difference in the value of the property before and after the removal, also alleged to be $10,000.

It is evident that appellants proceeded to trial on the sole theory that the air conditioning units were "improvements" that belonged to them, and that were wrongfully removed by appellee. The court's finding that the units were "trade fixtures" rather than "improvements" repudiated appellants' theory. Clearly, the "injury" to the freehold cannot be the loss of the units

themselves, because they were rightfully removed as the tenant's personal property.

Further, we find no evidence to support the jury's answer to Special Issue No. 1. Appellants rely on the testimony of two witnesses. George Boyett testified that the difference in value of a comparable commercial property with air conditioning and without air conditioning was $12,000. Eddie Mize testified that the cost of replacing the air conditioning units would be $5,400. Appellants allege that the testimony of Mr. Boyett and Mr. Mize constitute some evidence to support the jury's finding that the cost of restoring the building to its condition prior to the removal of the units was $5,000. However, the testimony provides no evidence of repair or replacement costs of any damaged property belonging to appellants, i.e., property *other* than the air conditioning units owned by appellee. The testimony of both Mize and Boyett related only to the value of the air conditioning units belonging to appellee, and was legally insufficient to support a verdict in favor of appellants. We conclude that the trial court properly granted appellee's motion for judgment non obstante veredicto.

Appellants' first point of error is overruled. The judgment of the trial court is affirmed.